STATE EX REL. SMITH, SHERIFF *v.* MARION CIRCUIT COURT.

[No. 28,839.   Filed October 26, 1951.]

*Frank H. Fairchild,* Prosecuting Attorney, 19th Judicial Circuit, for relator.

*T. Ernest Maholm,* of Indianapolis, for respondent.

DRAPER, C. J.—On August 15, 1951, the Marion County grand jury indicted one Porter F. Jordan for murder in the second degree, and said cause was assigned to Division Two of the Criminal Court of Marion County. A capias was issued to the sheriff of Marion County, the relator herein, directing him to arrest and hold the defendant in jail without bail, and such was done.

On August 18, 1951, the defendant filed in the Criminal Court his application to be admitted to bail. Pursuant to a hearing thereon said application was denied on August 23, 1951.

On September 6, 1951, the defendant filed his verified application for writ of habeas corpus to be let to bail in the Marion Circuit Court, said cause being assigned No. 68798 in said court. The relator made return of said writ and produced the defendant in open court, at the same time filing his answer, which set forth and called to the Circuit Court's attention the fact that an application to be admitted to bail had theretofore been filed by the defendant in Division Two

of the Marion Criminal Court, and had been there heard and denied.

The Circuit Court nevertheless proceeded with hearings on said application for writ of habeas corpus to be let to bail, and on September 15, 1951, made an order admitting the defendant to bail, and fixing his bail bond in the sum of $12,500. The relator accordingly released the defendant on bond in that sum.

On September 17, 1951, the defendant took a change of judge from the regular judge of Division Two of the Criminal Court of Marion County, and the Hon. Earl R. Cox was appointed as Special Judge. Later on the same day the Special Judge ordered the relator to arrest the defendant and hold him without bail until the further order of that court, and in compliance therewith the relator took the defendant into custody and held him in the Marion County jail without bond.

Thereafter, on September 24, 1951, the relator was served with a rule to show cause why he should not be punished for contempt of the Circuit Court by reason of taking the defendant into custody and holding him without bond in violation of the order of that court. Thus the relator, who had vainly attempted to comply with the conflicting orders of the two courts, was faced with the prospect of being punished for contempt. On his application we issued a temporary writ of prohibition commanding the Marion Circuit Court to refrain from making any further orders or exercising any further jurisdiction in connection with the matter, pending the further order of this court.

Burns' 1946 Replacement, §3-1902, provides that the writ of habeas corpus may be had for the purpose of letting a prisoner to bail in civil and criminal actions. Sec. 3-1906 confers upon criminal court judges full power to admit to bail all persons arrested and held

upon a charge of violating the criminal laws, in the same manner, to the same extent, and under the same rules and regulations as judges of the Circuit Courts are authorized by law so to do. The Criminal Court has exclusive original jurisdiction of all crimes and misdemeanors, except where jurisdiction is by law conferred on justices of the peace. Burns' 1946 Replacement, §4-2304.

Burns' 1942 Replacement, §9-1035 provides that:

"When any person is indicted for murder, the court in which the indictment is pending, upon motion, or, in vacation, the judge of the circuit or criminal court, upon application by writ of habeas corpus, may admit the defendant to bail, when it appears upon examination that he is entitled to be let to bail."

The indictment here was for murder. It was pending in the Criminal Court, which court had exclusive jurisdiction of the case. Under §9-1035, *supra,* the court in which the indictment is pending has exclusive jurisdiction of a proceeding to let the prisoner to bail. If, as here, the indictment is pending in the Criminal Court, that court may, in term time, let the prisoner to bail, and the Judge of that court may do so in vacation. If the indictment is pending in the Circuit Court of a county in which the Circuit Court has jurisdiction of criminal cases, the prisoner may be let to bail by the Circuit Court in term time, or by the Judge of that court in vacation. In any event the motion or petition must be filed, and the question must be determined, in the court in which the indictment for murder is pending. Such was the clear intention of the legislature as gathered from the statutes.

The Circuit Court has no authority to review decisions of the Criminal Court. If the defendant was

aggrieved by the decision of the Criminal Court, he should have appealed to this court, where the evidence, if brought here, would be weighed and passed upon in the manner that a trial court weighs and passes upon evidence, and this court would decide the issue accordingly. *Ex Parte Walton* (1881), 79 Ind. 600; *Schmidt* v. *Simmons, Sheriff* (1894), 137 Ind. 93, 36 N. E. 516; *Brown et al.* v. *The State* (1897), 147 Ind. 28, 46 N. E. 34; *State* v. *Hedges* (1912), 177 Ind. 589, 98 N. E. 417.

If the defendant could, instead, seek to be admitted to bail in the Circuit Court, after an adverse decision in the Criminal Court, there would be nothing to prevent him from going successively to the five Superior Courts and the other division of the Criminal Court of Marion County in search of the same relief. Such would be an intolerable procedure not contemplated by our statutes.

We think the Circuit Court has acted and is seeking to act further outside its jurisdiction, and that the writ of prohibition should be made permanent.

So ordered.

NOTE.—Reported in 101 N. E. 2d 272.