STATE OF INDIANA ON RELATION OF MID WEST INSURANCE COMPANY *v.* NIBLACK, JUDGE, MARION COUNTY SUPERIOR COURT, NO. 1

[No. 29,428. Filed September 19, 1956.]

*Tyler & Sharp,* of Indianapolis, for relator.

*Robert S. Smith,* of Indianapolis, for respondent.

LANDIS, C. J.—This is an original action in which relator, Mid West Insurance Company, has asked that a writ of mandate and prohibition be issued ordering respondent to expunge the record in respondent court appointing a receiver in a certain cause entitled *Kenneth Blanton, a Minor, by his next friend, Charles K. Blanton* v. *Mid West Insurance Company,* the same being Cause No. C19236 in the Marion Superior Court, Room 1, and ordering respondent to refrain from proceeding further or exercising jurisdiction in said Cause No. C19236. We issued the alternative writ prayed for.

The pertinent facts before us are as follows: On or about April 26, 1956, one Blanton by next friend recovered a judgment for $7,517.60 against relator, Mid West Insurance Company, and thereafter on May 7, 1956 Blanton filed suit for the appointment of a receiver in respondent court, Marion County Superior Court, Room 1. Blanton in said action alleged said judgment was unsatisfied and that relator insurance

company was insolvent and respondent court appointed a receiver without notice.

Relator, in asking us here to mandate respondent court to expunge its records appointing a receiver and to prohibit respondent from taking any further action therein, contends respondent court was without jurisdiction to entertain the receivership proceedings for reasons which may be summarized as follows:

(1) A prior action for appointment of a receiver of relator insurance company was pending in the Vanderburgh Superior Court, in a cause entitled *State ex rel. Department of Insurance* v. *Mid West Insurance Company*.

(2) The receiver so appointed was not entitled to be appointed without notice.

(3) The receiver was appointed pursuant to an action filed by a judgment creditor, instead of the Attorney General on behalf of a department of state government, and the appointment of the receiver was therefore void.

In regard to relator's first contention, respondent has, since the issuance of the alternative writ, filed with this court certified copy of the dismissal of the action in the Vanderburgh Superior Court, showing no such action now pending in said court. Relator's contention that a writ should be issued against respondent because of a prior action pending against relator for the appointment of a receiver is accordingly a moot question and not, therefore, availing to relator in his petition for a writ.

Relator's second contention, in substance that the receiver so appointed by respondent court was not entitled to be appointed without notice deals with a matter addressed to the discretion or judicial determination of the trial court. It is well settled that this court will not exercise its extraordinary

remedy of mandate or prohibition to require a lower court to do something, or desist from doing something, which involves an exercise of judicial discretion, but the party's remedy, if any, is by appeal from the decision complained of. *State ex rel. McNabb* v. *Allen Superior Court No. 2* (1947), 225 Ind. 402, 75 N. E. 2d 788; *State ex rel.* v. *Brennan, Judge* (1952), 231 Ind. 492, 109 N. E. 2d 409.

Relator's third contention that a receiver could not be appointed by respondent court in an action by a judgment creditor, but only when the action is brought by the Attorney General on request of a department of government is completely oblivious of the following statute which specifically excepts judgment creditors from its application, viz:

"No order, judgment or decree providing for an accounting or enjoining, restraining or interfering with the operation of the business of any insurance company, association, or society, to which any provision of this act is applicable, or for the appointment of a temporary or permanent receiver thereof, shall be made or granted otherwise than upon the application of the Department EXCEPT IN AN ACTION BY A JUDGMENT CREDITOR, or in proceedings supplemental to execution." Acts 1935, Ch. 162, §270 a, p. 786, being Burns' Indiana Statutes, §39-5023. [Emphasis supplied.]

As the several contentions advanced by relator in support of his petition for writ of mandate and prohibition are not meritorious, the alternative writ heretofore issued is ordered dissolved and the permanent writ denied.

Achor, Arterburn, Bobbitt and Emmett, JJ., concur.

NOTE.—Reported in 137 N. E. 2d 34.