TEGARDEN *v.* CRIMINAL COURT OF MARION COUNTY, FAULCONER, JUDGE, ETC., ET AL.

[No. 29,940. Filed March 29, 1961. Rehearing denied May 24, 1961. Motion To Reconsider denied June 30, 1961.]

*Sherwood Blue, Sam Blum* and *Janet Roberts,* of Counsel, all of Indianapolis, for appellant.

*John W. Tranberg, Andrew Jacobs, Sr.,* both of Indianapolis, and *Edwin K. Steers,* Attorney General, for appellee.

ACHOR, J.—This is an appeal from a judgment in the Marion Circuit Court, wherein the court made an adverse finding against appellant on his petition for writ of habeas corpus.

The action was originally filed against the above named appellees and also against Phillip L. Bayt, as prosecuting attorney of Marion County, and Patrick J. Barton, as grand jury deputy prosecuting attorney, all of whom filed returns to the action. The action was later dismissed by the appellant as to Bayt and Barton, who subsequently thereto filed motions to dismiss the action and thereby attempted to re-enter into the case. The appellant then filed a motion to strike the motions of prosecutor Bayt and deputy prosecutor Barton, but no action was taken by the court with respect to either of said motions.

The briefs contain considerable argument as to the status of Bayt and Barton in the proceedings and the effect on the judgment resulting from the fact that the court failed to rule upon appellant's motion to strike their motions to dismiss. However, since the action was not dismissed,

but was decided upon the "returns" of the appellees, we cannot say that failure of the court to rule on the appellant's motion to strike in any way prejudiced the rights of the appellant and therefore constitutes reversible error.

The returns of the appellees are, in substance, that the appellant, under the authority of Acts 1919, ch. 59, §331, p. 198 [being §64-2818, Burns' 1951 Repl.], was indicted by the grand jury for having wilfully neglected and refused to perform the duties imposed upon him by law while township assessor of Washington township, Marion County, Indiana; that a capias was issued pursuant to the indictment by reason of which appellant was placed under arrest by the appellee sheriff of Marion County, and that appellant was returned to and before the appellee Criminal Court of Marion County, Division 2, which court released appellant upon a recognizance bond issue by appellee United Bonding Insurance Company. The pleadings and papers above referred to were incorporated as exhibits in the return. To this return, appellant filed exceptions in which appellant asserted that the return was inadequate for the reason that it failed to meet and overcome appellant's allegations that the entire proceedings in the Criminal Court were *void,* and that for this reason there was a total lack of jurisdiction in the Criminal Court over the subject-matter of the action and the person of the defendant (appellant). Specifically, appellant asserts such lack of jurisdiction in the Criminal Court on the ground that under the statute "there is no such criminal offense."

After argument the court overrulled appellant's exceptions. Appellant then filed a reply to the returns of the above named appellees and asked to

submit evidence and adduce witnesses on the issues. The court refused to adduce witnesses and hear testimony and to try the issues, and made a finding, based solely upon the petition of the appellant and the returns filed thereto, that appellant should not be discharged as prayed and that jurisdiction is in the Criminal Court of Marion County, Division 2.

The law is well settled that, as a general rule, a court in which an indictment or affidavit is pending has exclusive jurisdiction over the proceedings and that the right of such court to restrain the accused of his liberty by reason of such action cannot be challenged by habeas corpus in another court once it appears that the petitioner is being held on a warrant to answer such charge. *State ex rel. Smith* v. *Marion C. Ct.* (1951), 230 Ind. 21, 101 N. E. 2d 272; *Bryarly* v. *Howard, Warden* (1947), 225 Ind. 183, 73 N. E. 2d 678; *Wright* v. *The State* (1854), 5 Ind. 290. However, appellant asserts that the above stated general rule is not applicable to the proceedings in the Criminal Court for the reason that such proceedings were *totally without statutory authority* and therefore a complete nullity, and that under these special circumstances the Circuit Court or any court of concurrent jurisdiction had authority in habeas corpus to consider the matter of petitioner's unlawful restraint.

Here the charge filed in the Criminal Court stated *in the language of the statute* that appellant (petitioner) wilfully neglected and refused to perform the duties of his office. The section of the act under which the charge was filed is, in part, as follows:

"Any officer who shall be guilty of violating any provisions of this act, or who shall wilfully neglect or refuse to perform any of the duties

imposed on him by this act, when no other provision is made herein, shall be guilty of a misdemeanor, . . ." §64-2818, *supra.*

Thus the decision of the case involves not merely a question of fact, but, preliminary therto, there is a question of statutory construction which must be decided. Appellant asserts that he is expressly excluded from criminal prosecution for the misconduct charged by the express provision of the act, which limits its application to circumstances "when no other provision is made." He further cites the fact that section 134 (which is a section of the same act) specifically makes "other provisions" with respect to an assessor by providing for his *removal from office* in event of his "incompetency, neglect of duty or misconduct in office." The last cited section of the act reads in part as follows:

" . . . In the event that the state board of tax commissioners finds that any township assessor or any deputy township assessor has not discharged any of his duties faithfully or in full accordance or compliance with law, such township assessor or deputy township assessor may be removed from office by the state board of tax commissioners for incompetency, neglect of duty or misconduct in office, . . ." §64-1001, Burns' 1951 Repl.

Thus appellant asserts that because "other provision is made" in §64-1001, *supra,* for disciplinary action against township assessors, he is therefore expressly excluded from the penal provisions of §64-2818, *supra.* Appellant asserts that under the statute the only recourse available for his alleged misconduct in office is limited to his removal from office by the state board of tax commissioners under §64-1001. For this reason appellant asserts that the prosecution in

the Criminal Court is wholly *void* and he may resort to proceedings in habeas corpus for discharge from his alleged unlawful restraint in any court having jurisdiction over the restraining officers.

However, the prosecution in the Criminal Court is not a clear and complete nullity, as appellant asserts. The pertinent statute does not exclude appellant from its application in clear and unequivocal terms. Rather, it at least presents a serious question of statutory construction which it was the right and responsibility of the trial court to determine.

Because of the vigorous argument presented by appellant, some discussion regarding the construction of the statute seems appropriate. Without here formally and finally construing the statute, but upon cursory examination thereof, we note that the act, of which the above cited sections are a part, was enacted in 1919. It was a general re-enactment of the law relative to the taxation of property. The act consisted of 339 sections [1 to 339]. Section 134 dealt generally with the selection, duties, bond, oath of office of assessors and, further, provides for the removal of a township assessor by the state board of tax commissioners for "incompetency, neglect of duty or misconduct in office," and for appointment by the board to fill such vacancy. The obvious legislative purpose of this section was to ascertain, for the general public welfare, that the office of township assessor be filled and that the duties of the office be performed in a diligent and competent manner; and to assure the accomplishment of this purpose, it provided for removal of an assessor on the grounds of mere *incompetence* or *neglect* of duty. In construing the act, it is to be noted, *first,* that it was not made material to such removal under

§134, *supra*, that the assessor should "wilfully neglect or *refuse* to perform the duties imposed upon him by this act," (our italics) which perverse and wilful misconduct is made the basis of a criminal prosecution under §331 of the act [§64-2818], *supra*. *Secondly*, in construing the act consideration is to be given to the fact that §331 is the last of three sections of the act which provide for *criminal punishment* of individuals who violate the act with perverse or wilful intent to thwart the purposes of the act.[1] Therefore, there is a serious question of statutory construction presented as to whether this term "when no other provision is made herein" is intended to apply only to the criminal provisions of the act, which immediately precedes said section, or whether the limitation is intended to apply also to proceedings for the mere *removal* of the assessor from office.

Suffice it to say that the Criminal Court of Marion County, Division 2, is here presented with a question of statutory construction which should not be determined by a collateral proceeding in a court not having primary jurisdiction over the very question presented.

Reasons for the rule above enunciated were considered by this court in the case of *State ex rel. Smith* v. *Marion C. Ct.*, *supra*, 230 Ind. 21, 24, 25,

---

1. "Any person who, under any of the proceedings required or permitted by this act, shall wilfully swear falsely, shall be guilty of perjury and subject to all its penalties." Acts 1919, ch. 59, §329, p. 198. [§64-2815, Burns' 1951 Repl.]

"Any assessor or member of a board of review, or of a board of tax commissioners, who shall wilfully assess any property at more or less than what he believes to be its true cash value, as the same is defined in this act, shall be guilty of a misdemeanor, and, on conviction thereof, he shall be punished by a fine not exceeding three hundred dollars [$300], or by imprisonment in the county jail not more than one [1] year, or both, in the discretion of the court." Acts 1919, ch. 59, §330, p. 198 [§64-2816, Burns' 1951 Repl.]

101 N. E. 2d 272. In that case Porter F. Jordan was indicted for murder in the second degree and the cause was assigned to the Criminal Court of Marion County, Division 2. A capias was issued to the sheriff, ordering him to hold the defendant without bail. Thereafter the defendant filed a petition for writ of habeas corpus for an order to be let to bail in the Marion Circuit Court, which made an order admitting the defendant to bail and fixed the amount of bond required. In the above case the issue of conflicting jurisdiction was presented to this court in an original action. In that case this court reasoned as follows:

> ". . . The Criminal Court has exclusive original jurisdiction of all crimes and misdemeanors, except where jurisdiction is by law conferred on justices of the peace. Burns' 1946 Replacement, §4-2304.

> "If the defendant could, instead, seek to be admitted to bail in the Circuit Court, after an adverse decision in the Criminal Court, there would be nothing to prevent him from going successively to the five Superior Courts and the other division of the Criminal Court of Marion County in search of the same relief. Such would be an intolerable procedure not contemplated by our statutes."

In the case before us the Criminal Court of Marion County, Division 2, has jurisdiction over the proceedings now pending in that court, including the right and duty to determine whether, under the law, the indictment charged a criminal offense against the defendant (appellant here).

We conclude that orderly judicial process requires that, as in this case, a person is restrained of his liberty pursuant to a criminal action, which action is phrased in the language of an existing statute and where an action is challenged

on the basis of the construction of the statute, then the issue of judicial construction and application of the statute to the existing facts must be presented directly in the court of original jurisdiction by an appropriate pleading in that court. The issue cannot be presented indirectly by proceedings in habeas corpus in another court.

Judgment is therefore affirmed.[2]

Bobbitt, C. J., Jackson and Landis, JJ., concur.

Arterburn, J., concurs in the result.

NOTE.—Reported in 173 N. E. 2d 308.

---

2.  Other issues presented by the appellant have not been discussed since they are not material to our decision.