STATE EX REL. TEGARDEN *v.* CRIMINAL COURT
OF MARION COUNTY, FAULCONER, JUDGE.

[No. 29,963. Filed May 25, 1961. Rehearing denied June 30, 1961. Motion to reconsider denial of petition for rehearing denied September 19, 1961. Petition to Stay Proceedings denied September 28, 1961.]

*Sherwood Blue, Sam Blum,* and *Janet L. Roberts,* of counsel, all of Indianapolis, for relator.

*John W. Tranberg,* of Indianapolis, for respondents.

LANDIS, C. J.—Relator has filed petition for writ of prohibition commanding respondent judge to refrain from any further proceedings in a certain cause against relator in respondent court entitled *State of Indiana* v. *Paul E. Tegarden,* Cause No. Cr-21461-Z, wherein relator was charged by indictment with the misdemeanor of Refusal to Perform Duties as Township Assessor of Washington Township, Marion County, Indiana.

According to relator's petition it appears that subsequent to the filing of said charge against relator in respondent court, relator filed habeas corpus proceedings in the Circuit Court of Marion County against respondent and others seeking to procure the release of relator from the indictment and proceedings which relator alleged were brought under an invalid statute against him in respondent court. Upon trial of the habeas corpus action the Circuit Court of Marion County found against relator, and relator thereupon appealed from the judgment rendered against him to this Court. Relator has asked herein that no proceedings be taken in respondent court pending this appeal from the Circuit Court of Marion County. We issued the temporary writ.

This Court on March 29, 1961,[1] has now affirmed the judgment of the Circuit Court of Marion County, Indiana, denying relator relief in the habeas corpus proceedings in which he sought to attack the criminal proceedings pending against him in respondent court, and as said appeal in Cause No. 29940 is now finally determined, no further question is now before us as to the alleged invalid proceedings against relator in respondent court and this cause has now become therefore purely hypothetical and moot.

As we do not decide causes which are only moot and do not involve matters of great public interest, *State ex rel. N.Y.C.R.R. Co.* v. *Cir. Ct. Mar. Co.* (1958), 237 Ind. 553, 555, 147 N. E. 2d 554, 555; *State ex rel. Mid West Ins. Co.* v. *Niblack, J., etc.* (1956), 235 Ind. 616, 618, 137 N. E. 2d 34, 36, the temporary writ heretofore issued should now be dissolved and the permanent writ denied.

---

1. Tegarden *v.* Criminal Court of Marion County, Div. 2 (1961), 242 Ind. 33, 173 N. E. 2d 308.

Temporary writ dissolved and permanent writ denied.

Jackson, Achor, Arterburn, and Bobbitt, JJ., concur.

NOTE.—Reported in 175 N. E. 2d 26.