STATE EX REL. PEAK *v.* THE MARION CRIMINAL COURT, DIVISION ONE, FIFE, JUDGE.

[No. 30,651. Filed January 6, 1965.]

*Thomas J. Murphy* and *Lewis & Fields,* of Indianapolis, for relator.

*Noble R. Pearcy,* Prosecuting Attorney 19th Judicial Circuit, and *Frank E. Spencer,* Deputy Prosecuting Attorney, for respondents.

MYERS, J.—This is an orginal action filed in this court wherein the relator, Bennie LaVerne Peak, seeks a permanent writ of mandate against respondents, Marion Criminal Court, Division One, and the Honorable Eugene M. Fife, Jr., as Judge thereof, in the case of "State of Indiana vs. Bennie LaVerne Peak," Cause No. 26841 Y. The relief asked is that the Marion Criminal Court, Division One, be ordered to set a reasonable bail bond for relator pending his appeal to this court from the conviction and judgment entered against him in that court.

On the 6th day of September, 1963, relator was tried by jury and convicted of the charge of burglary in the second degree in the Criminal Court of Marion County, Division One. He was sentenced to the Indiana State Prison for a term of not less than two nor more than five years. His motion for new trial was overruled. He duly instituted proceedings for an appeal by filing a praecipe with the Clerk of Marion County for a transcript. On October 24, 1963, he filed a petition for bail bond pending the appeal. On that day, the trial court ordered bond set at the sum of $50,000. Relator filed a petition for reduction of bond pending the appeal. Respondents took the petition under advisement and, on November 8, 1963, granted the petition and set bond in the sum of $25,000. Relator filed a bond in that amount on November 26, 1963.

On January 8, 1964, a Deputy Prosecutor, the relator and his counsel appeared in the respondent court and the appeal bond was reviewed. There was a finding by the court that the appeal bond was insufficient and it was raised to $50,000. The entry made by the court at that time showed that the surety for the appeal bond

theretofore in existence was released. Another petition for reduction of the bond was filed on January 10, 1964. After hearing argument, respondents denied the petition on January 22, 1964.

Relator filed with the Clerk of this Court his transcript and assignment of errors on March 30, 1964, thus initiating his appeal from the judgment of conviction. Relator was sent to the Indiana State Prison at Michigan City for failure to provide bond.

On March 31, 1963, he filed a petition for writ of habeas corpus in the LaPorte Circuit Court, as the Indiana State Prison is located in LaPorte County. It was entitled "Bennie LaVerne Peak vs. Ward Lane," being Cause No. 30520-C. After hearing evidence and being duly advised in the premises, the trial court, on June 5, 1964, found that the bail bond of $25,000 was reasonable considering the nature of the offense and the penalty adjudged. It also found that relator had posted such a bond and ordered his release from prison. He was thereupon released.

On July 1, 1964, the State, by Deputy Prosecutor, the relator in person and with counsel, appeared before the respondent Judge, who, once more, ordered the relator's bond for appeal to the Supreme Court be set at $50,000. The court's entry furthermore shows that relator was remanded to the custody of the Sheriff of Marion County for commitment.

Relator asserts that the respondent Judge acted in an arbitrary and capricious manner in setting bond in an exorbitant, excessive and unreasonable amount, and accordingly abused his discretion. He asks that a mandate issue against respondents to set bond in the amount of $25,000 which he claims was determined reasonable by the LaPorte Circuit Court and the Marion Criminal Court, Division One.

There was a hearing before this court pertaining to

the relator's petition on August 24, 1964. As a result thereof, a notice was ordered sent to respondents that the petition had been filed, and giving them twenty days within which to answer the same. No writ was issued. On September 14, 1964, respondents filed what was termed "Objections of Respondents to Issuance of Writ of Mandate." In this, they claimed that it was not to serve the office of a return to the petition. However, in essence, it amounts to the same thing. They contend that the LaPorte Circuit Court had no jurisdiction to hold the habeas corpus hearing and discharge the relator, and, further, that the relator made no attempt to appeal respondents' ruling on the amount of the bail bond. As a result, respondents claim that mandate will not lie under these circumstances.

It is the general rule in this state that the extraordinary remedy of mandamus cannot be substituted for appeal. *State ex rel. Local Union No. 414* v. *Allen C. C.* (1960), 240 Ind. 518, 164 N. E. 2d 648; *State ex rel. Rans* v. *Fulton Circuit Court et al.* (1960), 240 Ind. 288, 291, 164 N. E. 2d 111. Where a motion for reduction of bail has been denied, it is considered to be a final decision and the defendant has a right of appeal to this court, since it is a "judgment" pursuant to the provisions of §9-2301, Burns' Ind. Stat., 1956 Replacement. This provides for an appeal to this court by a defendant as a matter of right "from *any judgment* in a criminal action against him", etc. *Bozovichar* v. *State* (1952), 230 Ind. 358, 365, 103 N. E. 2d 680.

Relator could have appealed from the denial of his motion for reduction of bond entered January 22, 1964, and he could have taken steps to appeal from the order of July 1, 1964. Having failed to do so, he waived his rights which cannot be reactivated by a petition for mandate at this late date.

On that ground alone, the petition for mandate should be denied.

We wish to note that the Criminal Court of Marion County, Division One, had exclusive original jurisdiction of this case. Section 4-2304, Burns' Ind. Stat., 1946 Replacement. Any motion or petition concerning bail had to be filed and determined in that court where the case was pending. An adverse decision could have been appealed to this court. The La-Porte Circuit Court was without jurisdiction to hear the habeas corpus action filed therein. *State ex rel. Smith* v. *Marion C. Ct.* (1951), 230 Ind. 21, 101 N. E. 2d 272.

It also appears that the relator's appeal had been submitted under Rule 2-14 of this court on March 30, 1964, and thus the appeal in the original case was pending undetermined in this court when he filed his petition for habeas corpus on March 31, 1964, in the LaPorte Circuit Court. Under similar circumstances, in the case of *State* v. *Gurecki* (1954), 233 Ind. 383, 388, 389, 119 N. E. 2d 895, 898, this court stated as follows:

> "When the petition for the writ of habeas corpus was filed in the LaPorte Circuit Court, and when it was heard and allowed, the appeal in the original case in which Gurecki was tried and convicted was pending undetermined in this court. That appeal had been submitted under Rule 2-14 of this court. The jurisdiction of this court had attached at the instance of the appellee. The question he sought to raise by the petition for writ of habeas corpus was raised, or *could have been raised,* in that appeal and passed upon by this court in an orderly manner. At the most it might have resulted in the granting of a new trial, but not the absolute release and discharge of the appellee Gurecki.
>
> "In that situation the LaPorte Circuit Court had no authority whatever to interfere with the jurisdiction of this court by entertaining Gurecki's

petition for writ of habeas corpus, and the purported judgment of that court determining the original judgment of conviction to be void and releasing Gurecki from the custody of the warden was rendered without jurisdiction and was and is wholly void and of no effect." (Our emphasis.)

The petition for writ of mandate is denied.

Arterburn, C. J., and Achor and Landis, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 203 N. E. 2d 301.