# FOR PUBLICATION



FILED
Apr 08 2013, 9:49 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ADOLFO LOPEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1212-CR-550 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 15C01-1209-FC-89

**April 8, 2013**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Adolfo Lopez appeals the trial court's denial of his motion for bond reduction. Lopez and 108 other individuals were charged with numerous nonviolent crimes involving a chain of Acapulco Mexican restaurants co-owned by Lopez. Specifically, Lopez was charged with six class C felonies and four class D felonies. The trial court set Lopez's bond at $3,000,000 surety plus $250,000 cash. On appeal, Lopez asserts the trial court abused its discretion in denying his motion for bond reduction. Finding the bond excessive, we conclude that the trial court abused its discretion when it denied the motion for reduction. Therefore, we reverse and remand.

**Facts and Procedural History**

In 2010, Indiana State Excise Police Officer Timothy Sutton began investigating a chain of Acapulco Mexican restaurants after he became aware that the restaurants may not have been reporting or documenting all sales. In addition to conducting undercover surveillance, Sutton and Indiana Department of Revenue Agent Rick Albrecht reviewed cash register receipts, payroll records, income statements from the restaurants, and bank deposits, which all indicated an underreporting of gross sales. They also ran employees' social security numbers through a state database and discovered fraudulent numbers. The subsequent execution of a search warrant on various safety deposit boxes owned by Lopez resulted in the seizure of cash in excess of $3,000,000.

On September 24, 2012, the State charged Lopez and 108 other individuals with numerous crimes. Specifically, the State charged Lopez with one count of class C felony

corrupt business influence, one count of class C felony conspiracy to commit corrupt business influence, and four counts of class C felony forgery. The State also charged Lopez with four counts of class D felony perjury. These charges involve allegations of failure to properly report restaurant sales, failure to pay state sales taxes, falsification of tax forms, and the use of false social security numbers. The trial court set bond at $3,000,000 surety plus $250,000 cash.

On October 31, 2012, Lopez filed a motion to reduce bond alleging that his bond was unconstitutionally excessive and contrary to Indiana Code Section 35-33-8-4(b). Following a hearing, the trial court denied Lopez's motion on November 21, 2012. This appeal ensued.

## Discussion and Decision

As a general matter, the setting of the amount of bail is within the discretion of the trial court and will be reversed only for an abuse of that discretion. *Winn v. State*, 973 N.E.2d 653, 655 (Ind. Ct. App. 2012). We therefore review the trial court's denial of a defendant's motion to reduce bail for an abuse of discretion. *Id*. "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it." *Sneed v. State*, 946 N.E.2d 1255, 1257 (Ind. Ct. App. 2011). The denial of a motion to reduce bail is a final judgment appealable as of right. *Id*. at 1256 n.1.

The Indiana Constitution prohibits excessive bail. Ind. Const. art. 1, § 16. Bail is excessive if set at an amount higher than reasonably calculated to ensure the accused party's presence in court. *Sneed*, 946 N.E.2d at 1257 (citing *Hobbs v. Lindsey*, 240 Ind. 74, 79, 162 N.E.2d 85, 88 (1959) and Ind. Code § 35-33-8-4(b)). When setting and accepting an amount

3

of bail, the trial court is required to take into account all facts relevant to the risk of nonappearance, including:

(1) the length and character of the defendant's residence in the community;

(2) the defendant's employment status and history and his ability to give bail;

(3) the defendant's family ties and relationships;

(4) the defendant's character, reputation, habits, and mental condition;

(5) the defendant's criminal or juvenile record, insofar as it demonstrates instability and a disdain for the court's authority to bring him to trial:

(6) the defendant's previous record of not responding to court appearances when required or with respect to flight to avoid criminal prosecution;

(7) the nature and gravity of the offense and the potential penalty faced, insofar as these factors are relevant to the risk of nonappearance;

(8) the source of funds or property to be used to post bail or to pay a premium, insofar as it affects the risk of nonappearance;

(9) that the defendant is a foreign national who is unlawfully present in the United States under federal immigration law; and

(10) any other factors, including any evidence of instability and a disdain for authority, which might indicate that the defendant might not recognize and adhere to the authority of the court to bring him to trial.

Ind. Code § 35-33-8-4(b).

While our review of a defendant's challenge to the trial court's initial setting of bail and our review of a defendant's challenge to the trial court's denial of a motion to reduce bail are conceptually and legally distinct, the two inquiries substantially overlap. *Sneed*, 946 N.E.2d at 1257-58. In deciding whether to exercise its discretion to reduce bail, the trial

court considers the same statutory factors relevant to the initial setting of bail provided in Indiana Code Section 35-33-8-4(b). *See id.*

Here, in considering Lopez's motion to reduce bond, the trial court held a hearing and received evidence, specifically considering the statutory factors listed in Indiana Code Section 35-33-8-4(b). The evidence presented indicates that some factors weigh in favor of the motion to reduce while other factors weigh against the motion to reduce. We note that factors 1, 2, 3, 5, 6, and 9 weigh in favor of Lopez's motion to reduce. Lopez is an eight-year resident of Dearborn County; he has a long and stable employment history, but his assets have been seized, severely limiting his ability to post bail; he has been married for fifteen years with two children enrolled in local schools; he has no criminal record; he has no record of failure to appear in court and his passport has been seized; and he has been a United States citizen since 1998. Factors 4, 7, and 10, however, weigh against the motion to reduce and in favor of the trial court's denial of that motion. Indeed, as noted by the trial court, testimony regarding Lopez's alleged business practices do not reflect favorably on his character;[1] he is facing a possible aggregate penalty of sixty years imprisonment and potential fines of $100,000 if convicted; and his alleged business practices indicate instability and disdain for authority. The trial court also noted that Lopez has been known to frequently visit Mexico and that he maintains various ties to that country.

---

[1] The trial court noted that Lopez "opened the door" to the State's evidence regarding the manner in which he conducted his businesses by asserting evidence of his good character and good business practices as support for the motion to reduce. Appellant's App. at 69.

5

We are most troubled by the trial court's apparent failure to consider or give any weight to factor 8 regarding the source of funds or property to be used to post bail or to pay a premium, insofar as it affects the risk of nonappearance. As noted earlier, the record indicates that all of Lopez's assets have been seized and that he does not have access to the funds necessary to post the extraordinarily high bail set here. While the State asserts that it is "reasonable to assume" that Lopez's brothers, who continue to operate restaurants outside the jurisdiction, can procure the necessary funds to satisfy the bond or that Lopez himself likely "has access to large funds outside of this jurisdiction," while possibly true, such speculation is not supported by evidence in the record. Appellee's Br. at 10-11.

Still, the inability to procure the amount necessary to make bond does not in and of itself render the amount unreasonable. *Mott v. State*, 490 N.E.2d 1125, 1128 (Ind. Ct. App. 1986). However, we must emphasize that we are dealing with a constitutional right here, and the goal is not to punish in advance of conviction but to assure the defendant's appearance in court. *See Samm v. State*, 893 N.E.2d 761, 766 (Ind. Ct. App. 2008). Significantly, the State has already seized in excess of $3,000,000 from the search of Lopez's safety deposit boxes. Nonappearance by Lopez jeopardizes his ability to eventually recover any portion of that large sum of money. This fact alone indicates that the risk of nonappearance is lowered and that the extraordinary bail set here is at an amount significantly higher than reasonably calculated to assure Lopez's presence in court.

Under the circumstances, bond set at $3,000,000 surety plus $250,000 cash is excessive and more than necessary to assure Lopez's presence in court. Accordingly, we

6

conclude that the trial court abused its discretion when it denied Lopez's motion for bond reduction. Therefore, we reverse the judgment of the trial court and remand with instructions for the trial court to set a reasonable bond amount based upon the relevant statutory factors. [2]

Reversed and remanded.

ROBB, C.J., and FRIEDLANDER, J., concur.

---

[2] Bail should be established by the trial court and not by this Court on appeal. *Reeves v. State*, 923 N.E.2d 418, 422 (Ind. Ct. App. 2010).