## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2015, 9:26 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

William J. Cohen
Cohen Law Offices
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brent N. Draime, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 10, 2015 <br><br> Court of Appeals Case No. <br> 20A04-1505-CR-380 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable Teresa L. Cataldo, Judge <br> The Honorable George W. Biddlecome, Senior Judge <br><br> Trial Court Cause No. <br> 20D03-1501-FA-5 |

**Kirsch, Judge.**

Brent N. Draime appeals the denial of his motion for bond reduction, raising the following consolidated and restated issue: whether the trial court abused its discretion in denying his request to reduce his bond, which alleged that bail in the amount of $750,000 was excessive under the facts and circumstances of this case.[1]

We reverse and remand.

## Facts and Procedural History

From 1996 through 2003, N.P.[2] lived in Elkhart County with her mother ("L.P.") and L.P.'s boyfriend, Draime. On January 20, 2015, the State charged Draime with eight counts of Class A felony child molesting,[3] one count for each of the years from 1996 through and including 2003. Each count alleged that Draime, "a person at least twenty-one (21) years of age, did knowingly submit to deviate sexual conduct with N.P., a child under fourteen (14) years of age." *Appellant's App.* at 47-48.[4] That same day, the State filed an Affidavit to Show

---

[1] This appeal comes to us following the trial court's denial of a motion to correct error. We review a trial court's denial of a motion to correct error for an abuse of discretion. *Ott v. State*, 997 N.E.2d 1083, 1084 (Ind. Ct. App. 2013). Draime, however, frames his appeal as if he were appealing directly from the denial of his motion for bond reduction. A trial court's denial of a motion to reduce bond is likewise reviewed for an abuse of discretion. *Lopez v. State*, 985 N.E.2d 358, 360 (Ind. Ct. App. 2013). Because the standard of review is the same regardless of how the issue is framed, we address the issue as Draime presents it and determine whether the trial court abused its discretion in denying his motion for bond reduction.

[2] N.P. is now known as N.H.; however, in this decision we will refer to her as N.P. because the alleged acts occurred while she was still known by that name.

[3] *See* Ind. Code § 35-42-4-3(a)(1).

[4] We note that Draime filed an amended two-volume appendix; however, for ease of reference, we will refer to that document merely as, "*Appellant's App.*" Likewise, we will not refer to each volume number because

Probable Cause ("Affidavit"), in which a detective with Elkhart County Sheriff's Department ("ECSD") averred that, in August 2014, N.P. reported to ECSD that Draime had molested her from the time she was six years old until she was about thirteen. Although N.P. had reported the abuse in 2004 and 2005, her mother, L.P., had not believed her, and no charges were filed.

[4] After examining the Information and Affidavit, the trial court found that probable cause existed to issue a warrant for Draime's arrest and, without a hearing, set bail at $750,000. *Id*. at 44. The trial court issued an arrest warrant, which allowed Draime to post only a "Personal Surety Bond or Corporate Surety Bond." *Id*. at 42. The trial court also issued a no contact order, to prevent Draime from being in contact with N.P. upon his release from custody. *Id*. at 2. Once Draime discovered there was a warrant for his arrest, he voluntarily turned himself in to ECSD.

[5] On February 13, 2015, Draime filed "Defendant's Motion for Bond Reduction" and a supporting affidavit. *Id*. at 36-40. Draime argued that he was sixty-two years old, was a lifelong resident of Elkhart County, was employed as a maintenance man at the time of his arrest, had lived together with L.P. as husband and wife for over twenty years, and had turned himself in to ECSD. *Id*. at 38-39. He also insisted that he was not a danger to anyone or a flight risk and that he was financially unable to bond out with a bail amount of $750,000.

the second volume, which contained mostly confidential information, was paginated to reflect where those documents would otherwise have been placed in the first volume.

*Id*. at 36, 38, 39. Draime maintained that, pursuant to the local rules of Elkhart County, the bond should be $150,000. *Id*. at 39; *see* Elkhart County Rules of Court ("ECRC") LR20-CR00-CRBS-13(A).

[6] In anticipation of a bond reduction hearing, the probation department prepared a "Bail Review Report." *Id*. at 4. Following a hearing on the motion, the trial court summarily denied Draime's motion for bond reduction. *Appellant's App.* at 12. Draime filed a motion to correct error. The trial court summarily denied that motion.[5] Draime now appeals.[6]

## Discussion and Decision

[7] Draime appeals the trial court's denial of his motion for bond reduction, contending that the $750,000 bail was excessive and beyond the amount necessary to protect the community and ensure his appearance at future proceedings. As a general matter, the setting of the amount of bond is within the discretion of the trial court and will be reversed only for an abuse of that discretion. *Lopez v. State*, 985 N.E.2d 358, 360 (Ind. Ct. App. 2013). "'An abuse of discretion occurs when the trial court's decision is clearly against the

---

[5] In his brief, Draime notes that he filed a motion to dismiss. That motion, however, is not at issue here. *Appellant's Br*. at 1.

[6] "Both our [S]upreme [C]ourt and this court have held that the denial of a motion to reduce bail is a final judgment appealable as of right." *Winn v. State*, 973 N.E.2d 653, 655 (Ind. Ct. App. 2012) (citing *State ex rel. Peak v. Marion Criminal Court Div. One*, 246 Ind. 118, 121, 203 N.E.2d 301, 302 (1965); *Sneed v. State*, 946 N.E.2d 1255, 1256 n.1 (Ind. Ct. App. 2011)).

logic and effect of the facts and circumstances before it.'" *Id*. (quoting *Sneed v. State*, 946 N.E.2d 1255, 1257 (Ind. Ct. App. 2011)).

[8]     The Indiana Constitution prohibits excessive bail. Ind. Const. art. 1, § 16. Bail is "a traditional and cherished right," the goal of which is not to punish in advance of conviction but to assure the defendant's appearance in court. *Fry v. State*, 990 N.E.2d 429, 434 (Ind. 2013); *see Samm v. State*, 893 N.E.2d 761, 766 (Ind. Ct. App. 2008) (object of bail is not to effect punishment in advance of conviction but to ensure presence of accused before guilt has been proved and while presumption of innocence is to be given effect).

> The right to freedom by bail pending trial is an adjunct to that revered Anglo-Saxon aphorism which holds an accused to be innocent until his guilt is proven beyond a reasonable doubt. Unless that right is preserved, the presumption of innocence, secured only after centuries of struggle, will lose its meaning.

*Fry*, 990 N.E.2d at 434 (citations omitted) (internal quotation marks omitted).

[9]     Our General Assembly has determined that "[b]ail may not be set higher than that amount reasonably required to assure the defendant's appearance in court or to assure the physical safety of another person or the community." Ind. Code § 35-33-8-4(b). As to the latter factor, the trial court must find by clear and convincing evidence that the defendant poses a risk to the physical safety of another person or the community. *Id*. Indiana Code section 35-33-8-4(b) specifically requires that in setting and accepting an amount of bail, the judicial

officer shall take into account all facts relevant to the risk of nonappearance, including

> (1) the length and character of the defendant's residence in the community;
>
> (2) the defendant's employment status and history and his ability to give bail;
>
> (3) the defendant's family ties and relationships;
>
> (4) the defendant's character, reputation, habits, and mental condition;
>
> (5) the defendant's criminal or juvenile record, insofar as it demonstrates instability and a disdain for the court's authority to bring him to trial;
>
> (6) the defendant's previous record in not responding to court appearances when required or with respect to flight to avoid criminal prosecution;
>
> (7) the nature and gravity of the offense and the potential penalty faced, insofar as these factors are relevant to the risk of nonappearance;
>
> (8) the source of funds or property to be used to post bail or to pay a premium, insofar as it affects the risk of nonappearance;
>
> (9) that the defendant is a foreign national who is unlawfully present in the United States under federal immigration law; and
>
> (10) any other factors, including any evidence of instability and a disdain for authority, which might indicate that the defendant might not recognize and adhere to the authority of the court to bring him to trial.

Further, pursuant to the Elkhart County Rules of Court, "Unless otherwise ordered by a court," bail for a Class A felony "shall be . . . $150,000." ECRC LR20-CR00-CRBS-13(A).[7]

[10] Motions to reduce bail are provided for by Indiana Code Section 35-33-8-5(c), which states: "When the defendant presents additional evidence of substantial mitigating factors, based on the factors set forth in [Indiana Code section 35-33-8-4(b)], which reasonably suggests that the defendant recognizes the court's authority to bring the defendant to trial, the court may reduce bail." In reviewing the trial court's exercise of discretion, we look to the same factors relevant to setting the amount of bail. *See Sneed*, 946 N.E.2d at 1260.

[11] The trial court held a hearing on Draime's motion for bond reduction, at the start of which Draime admitted that the information in the Bail Review Report was correct. During the hearing both parties introduced evidence pertinent to the factors listed in Indiana Code section 35-33-8-4(b). The trial court, however, neither acknowledged nor expressly considered most of the listed statutory factors, and, without comment, summarily denied Draime's motion for bond reduction. As our court has noted:

> It is possible that the trial court's internal calculus took all of the factors into account, but without statements on the record we

---

[7] That rule, however, also makes clear, "This Bail/Bond Schedule is advisory. It shall be within the discretion of any court to set a bond which is higher or lower than that recommended by the schedule in any given case. Any bail setting shall be reviewable at the instance [sic] of any party." ECRC LR20-CR00-CRBS-13(C).

> cannot assume that it did so. Therefore, we conclude that by failing to acknowledge uncontroverted evidence on several of the factors listed in Indiana Code section 35-33-8-4, the trial court abused its discretion.

*Reeves v. State*, 923 N.E.2d 418, 421 (Ind. Ct. App. 2010) (quoting *Samm*, 893 N.E.2d at 768).

[12] Here, the evidence supported factors weighing in favor of both the State's and Draime's positions. Specifically, corresponding to the ten factors of Indiana Code section 35-33-8-4(b), the following uncontroverted evidence was presented. At the time of Draime's arrest: (1) he was sixty-two years old, had been a lifelong resident of Elkhart County, and had lived in the same house for at least ten years; (2) he had been working for the same company for five to six years before he was arrested, but was unable to post bond; (3) he had ties to L.P., with whom he had lived for over twenty years, and he had two sons and two sisters, all of whom live in Elkhart County; (4) while not specifically designated as a habit, Draime admitted that he drank every night, but claimed he did not drink to the point of intoxication; (5) Draime's criminal history consisted of having been charged in 2003 with operating while intoxicated (Class C misdemeanor), leaving the scene of a personal property accident (Class B misdemeanor), and operating with a blood alcohol content of .08 or more (Class A misdemeanor); (6) Draime pleaded guilty to the Class A misdemeanor (the other two charges were dismissed) and he was satisfactorily discharged from probation; (7) the nature of the charged offenses and gravity of the potential penalty were significant, but were alleged to have occurred ten years

prior; (8) no evidence was introduced regarding the source of funds for posting bond; (9) Draime was not unlawfully present in the United States; and (10) Draime would comply with authority of the trial court because he voluntarily turned himself in to ECSD. *Tr.* at 6-8; *Appellant's App.* at 33-34. Draime maintained that he was not a danger to the community and that his bail should, at the most, be $150,000 as designated in the local rules. Draime noted, "The purpose of the bond is to set an amount that would ensure the defendant's appearance at trial," to which the trial court added, "And to protect the community from [Draime]." *Id.* at 7. Draime maintained that harm to N.P. was unlikely because she lived in a different state, and an order had been issued for her protection.

[13] The State refuted Draime's claim that he was law abiding by noting that he pleaded guilty to operating with a blood alcohol content of .08 or more. The State also highlighted that, in 2003, Draime had been charged with operating while intoxicated and leaving the scene of a property accident, the former of which suggested danger to society, and the latter of which suggested Draime's inability to remain under court authority. *Id.* at 9. The State also noted Draime's admission that he consumed alcohol every night. From this, the State suggested that, based on the nature of the charges and alcohol's tendency to lower inhibitions, Draime could threaten the safety of the community. *Id.* at 8-9; *Appellant's App.* at 33-34.

[14] The trial court recognized that Draime had been charged with eight counts of child molesting and that one of the purposes of bail is "to protect the

community [from the offender]," *tr.* at 6, 7; however, the trial court failed to discuss or explain the nexus between these factors and the bail amount.[8] Moreover, the trial court did not specifically "find by clear and convincing evidence that the defendant poses a risk to the physical safety of another person or the community." Ind. Code § 35-33-8-4(b). While each party submitted evidence relevant to the factors in Indiana Code section 35-33-8-4(b), at no time did the trial court discuss how these factors were relevant to Draime's risk of nonappearance, or how Draime was, in fact, a danger to the community. Therefore, we conclude that by failing to acknowledge uncontroverted evidence on several of the factors listed in Indiana Code section 35-33-8-4, the trial court abused its discretion. *Reeves*, 923 N.E.2d at 421.

[15] Having concluded that the trial court abused its discretion when it denied Draime's motion for bond reduction, we reverse the judgment of the trial court and remand with instructions for the trial court to set a reasonable bail amount and explain how that amount is related to the relevant statutory factors.[9]

[16] Reversed and remanded.

Najam, J., and Barnes, J., concur.

---

[8] While noting that the bond could be $1.2 million, $150,000 per count, the trial court failed to explain what factors were considered in arriving at the bail amount of $750,000.

[9] Bail should be established by the trial court and not by this court on appeal. *Lopez*, 985 N.E.2d at 362 n.2 (citing *Reeves v. State*, 923 N.E.2d 418, 422 (Ind. Ct. App. 2010)).