Vaughn A. REEVES, Jr., Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 77A01–0909–CR–446.

Court of Appeals of Indiana.

Jan. 29, 2010.

Publication Ordered March 10, 2010.

James H. Voyles, Jr., Tyler D. Helmond, Voyles Zahn Paul Hogan & Merriman, Indianapolis, IN, Nick J. Thiros, Thiros & Stracci, Merrillville, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Wade James Hornbacher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Vaughn A. Reeves, Jr. appeals the trial court's denial of his motion for reduction of bail. Reeves raises a single issue for our review, namely, whether the trial court abused its discretion in denying his motion.

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

In 1988, Vaughn Reeves, Sr. ("Father") founded Alanar Incorporated ("Alanar") and established its headquarters in Sullivan County. Alanar's stated mission was to assist churches and other nonprofits in securing financing for building projects and to assist in refinancing mortgages for those entities. Father, Reeves, and Reeves' two brothers (collectively, "the Reeves") were the corporate officers of Alanar and its related business entities.

According to the probable cause affidavit in this case, "Alanar's marketing strategy was devised to appeal to the Christian faith of potential investors." Appellant's App. at 31. Once a targeted church agreed to Alanar's terms, the Reeves engaged in "a modified Ponzi scheme" whereby the Reeves "illegally used money from both churches and bondholders" to pay prior investors. *Id.* at 31–32. "The scheme the Reeves carried out involved thousands of investors and many millions of dollars passing through approximately 300 separate bond issues. The Reeves underwrote bonds that raised at least $120 million." *Id.* at 30. "As a result of their actions, the Reeves received more than $6 million in ill-gotten gains.... [Defendant] Reeves [personally] received approximately $1,806,105." *Id.* at 37. In July of 2005, the United States Securities and Exchange Commission ("SEC") obtained an injunction against Alanar for Alanar to cease all operations.

While an officer for Alanar, Reeves lived in Sullivan County with his wife, Tracy.

Tracy is a lawyer and had her practice in Sullivan County. Shortly after the SEC obtained its injunction against Alanar, Reeves' family members relocated outside of Indiana. In June of 2007, Reeves likewise moved outside of Indiana to Milford, Ohio, where Reeves had obtained a general manager position at Gold's Gym. Tracy commuted each day from Milford to Franklin, Indiana, where she continued to practice law.

In June of 2009, Reeves and Tracy moved their family to Greenwood so that Tracy could be closer to her employment. Reeves planned to transfer his employment to a central Indiana location. However, on June 30, officers arrived at Reeves' Greenwood residence to arrest him in connection with Alanar's allegedly fraudulent activities. Reeves, who has no prior criminal history, was on his way back to Ohio to gather more belongings, but Tracy was at the Greenwood residence with their children when the officers arrived. Tracy called Reeves and told him officers were there to arrest him, and Reeves turned around and returned to Greenwood. According to Tracy, "[t]he officers at that point told me that they didn't want to wait for him, that they understood that he wasn't a flight risk since he was coming back, [they] gave me their card with their cell number [and] told me to call them when [Reeves] got back...." *Id.* at 162. Once Reeves returned, Tracy called the officers, and Reeves was arrested without incident shortly thereafter.

That same day, the State charged Reeves with ten counts of securities fraud, each a Class C felony. The trial court set Reeves' bail at $1,500,000 with no 10% cash bail allowed. That amount was 100 times higher than the amount recommended for a single Class C felony by the bond schedule established by Sullivan Cir-

cuit and Superior Courts Local Court Rule LR77–CR00–1. On July 16, Reeves filed a motion to reduce the bail amount. The court held an evidentiary hearing on Reeves' request on August 28. On September 8, the court denied Reeves' motion, stating: "Defendant failed to present additional evidence of substantial mitigating factors, based on the factors set forth in I.C. [§ ] 35–33–8–4(b)[,] which reasonably suggests that the Defendant recognizes the Court[']s authority to bring the Defendant to trial." *Id.* at 92. This appeal ensued.

## DISCUSSION AND DECISION

Reeves appeals the trial court's denial of his motion to reduce the amount of bail. "The amount of bail is within the sound discretion of the trial court and will be reversed only for an abuse of discretion." *Perry v. State,* 541 N.E.2d 913, 919 (Ind.1989). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Smith v. State,* 754 N.E.2d 502, 504 (Ind.2001). We will not reweigh the evidence, and we consider any conflicting evidence in favor of the trial court's ruling. *Collins v. State,* 822 N.E.2d 214, 218 (Ind.Ct.App.2005), *trans. denied.* "The amount [of bail] is to be determined by consideration of the circumstances of each case and is to be set only in an amount necessary to assure the presence of the accused at an appropriate time and his submission to the authority of that court." *Mott v. State,* 490 N.E.2d 1125, 1127 (Ind.Ct.App.1986) (citations omitted).

Indiana's Constitution prohibits excessive bail. Ind. Const. art. I, § 16. As this court has explained:

Because an accused is presumed innocent, pre-trial incarceration should not serve punitive purposes. Instead, pretrial bail allows an accused the opportu-

nity to properly prepare his defense at freedom, while it insures his presence at trial. It necessarily follows that once bail is made available, the amount set shall not be excessive, as this constitutes a denial of that right altogether.

*Sherelis v. State,* 452 N.E.2d 411, 413 (Ind. Ct.App.1983). "Bail is excessive where the amount set represents a figure higher than that reasonably calculated to assure the accused party's presence at trial." *Id.*

The General Assembly has provided a list of relevant facts to be considered in determining a reasonable amount of bail. Specifically, Indiana Code Section 35–33–8–4(b) provides:

> Bail may not be set higher than that amount reasonably required to assure the defendant's appearance in court or to assure the physical safety of another person or the community if the court finds by clear and convincing evidence that the defendant poses a risk to the physical safety of another person or the community. In setting and accepting an amount of bail, the judicial officer shall take into account all facts relevant to the risk of nonappearance, including:
>
> (1) the length and character of the defendant's residence in the community;
>
> (2) the defendant's employment status and history and his ability to give bail;
>
> (3) the defendant's family ties and relationships;
>
> (4) the defendant's character, reputation, habits, and mental condition;
>
> (5) the defendant's criminal or juvenile record, insofar as it demonstrates instability and a disdain for the court's authority to bring him to trial;
>
> (6) the defendant's previous record in not responding to court appearances when required or with respect to flight to avoid criminal prosecution;

> (7) the nature and gravity of the offense and the potential penalty faced, insofar as these factors are relevant to the risk of nonappearance;
>
> (8) the source of funds or property to be used to post bail or to pay a premium, insofar as it affects the risk of nonappearance; and
>
> (9) any other factors, including any evidence of instability and a disdain for authority, which might indicate that the defendant might not recognize and adhere to the authority of the court to bring him to trial.

As an initial matter, at the hearing on Reeves' motion to reduce the amount of bail the trial court received evidence from which it could have made a determination on Reeves' request based on the factors listed in Indiana Code Section 35–33–8–4(b). But the trial court neither acknowledged that evidence nor expressly considered any of the listed statutory factors in its order on Reeves' motion. As we have held:

> It is possible that the trial court's internal calculus took all of the factors into account, but without statements on the record we cannot assume that it did so. Therefore, we conclude that by failing to acknowledge uncontroverted evidence on several of the factors listed in Indiana Code [S]ection 35–33–8–4, the trial court abused its discretion.

*Samm v. State,* 893 N.E.2d 761, 768 (Ind. Ct.App.2008).

Here, the trial court's lack of an articulated rationale in imposing a bail amount 100 times greater than the amount recommended by local rule for a single Class C felony (or ten times greater than the amount for ten charged Class C felonies) is especially burdensome to this court's ability to review the trial court's judgment. The uncontroverted evidence demonstrates factors that weigh in favor of both the

State and Reeves. Specifically, the following uncontroverted evidence was presented, corresponding to the nine factors of Indiana Code Section 35–33–8–4(b): (1) although Reeves no longer resides in Sullivan County, the character of his family's prior residence in the community was positive: Reeves and Tracy had spent at least eight years together there, Tracy had an established law practice there before 2007, and Tracy had sat as a judge pro tempore in the Sullivan Circuit Court in the past; (2) Reeves has no Sullivan County employment prospects, but he has been employed by Gold's Gym in Ohio since 2007 and was seeking to be transferred to an Indianapolis location at the time of his June 2009 arrest; (3) Reeves has no family ties to Sullivan County except for the presence of extended family, but his wife is a licensed attorney in Indiana with a practice in Franklin and his wife and children reside in Greenwood; (4) Reeves' reputation in Sullivan County has been severely damaged by the State's charges, and he successfully requested a change of venue for his upcoming criminal trial; (5) Reeves has no prior criminal history, and there is no evidence to suggest he has a disdain for the court's authority to bring him to trial; (6) Reeves has never failed to respond to a court appearance when required, and he promptly returned to Greenwood while en route to Ohio when he learned that officers had arrived at his Greenwood residence to arrest him; (7) the nature and gravity of the offenses are severe, and Reeves faces a potential eighty-year sentence and substantial financial penalties; (8) Reeves himself has not offered to post bail if the amount is reduced, but Tracy's father testified that he owns substantial amounts of real property in Sullivan County and he would be willing to use that property as collateral to secure Reeves' bail if the amount were reduced; (9) the State has alleged Reeves to be in control of more than $1,800,000 of misappropriated funds, and Reeves potentially faces federal charges and fines in addition to the Indiana charges.

We acknowledge that the majority of those factors—most likely, factors one, two, four, seven, eight, nine, and, to some extent, three—are generally in the State's favor. But, again, the trial court has not articulated any nexus between those circumstances and the $1,500,000 bail amount. The fundamental purpose of bail is to ensure the presence of the accused when required, see Mott, 490 N.E.2d at 1127, and the factors likely in favor of Reeves—factors three, five, and six—suggest that a bail amount 100 times greater than the amount recommended by local rule for a single Class C felony is excessive in light of that goal.

We will not attempt to reconstruct the trial court's thought process on appeal on an inadequate record. We can say, however, that the bail appears excessive in that $1,500,000 appears more than necessary to assure Reeves' presence at trial. See Samm, 893 N.E.2d at 768; see also Sherelis, 452 N.E.2d at 413 ("Bail is excessive where the amount set represents a figure higher than that reasonably calculated to assure the accused party's presence at trial."). Nevertheless, bail should be established by the trial court in the first instance and not by this court on appeal.

Thus, we reverse the trial court's order denying Reeves' request to reduce the bail amount. We remand for further proceedings and with instructions that the trial court set Reeves' bail in an amount that takes into account the statutory factors identified in Indiana Code Section 35–33–8–4(b) and that the court explain its rationale for the bail imposed in relation to those standards.

Reversed and remanded with instructions.

FRIEDLANDER, J., and BRADFORD, J., concur.

### ORDER

Appellant, by counsel, has filed a Motion to Publish.

Having reviewed the matter, the court FINDS AND ORDERS AS FOLLOWS:

1. Appellant's Motion to Publish is GRANTED, and this Court's opinion handed down on January 29, 2010, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

NAJAM, FRIEDLANDER, and BRADFORD, JJ., concur.