946 N.E.2d 1255 (2011)
Melissa Kay SNEED, Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 16A01-1010-CR-544.
Court of Appeals of Indiana.
April 25, 2011.
Ross G. Thomas, Indianapolis, IN, Attorney for Appellant.
*1256 Gregory F. Zoeller, Attorney General of Indiana, Wade James Hornbacher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
ROBB, Chief Judge.

Case Summary and Issue
The State charged Melissa Sneed with two counts of dealing in methamphetamine as Class A felonies. The trial court set bail at $25,000 cash only and thereafter denied Sneed's motion to reduce bail. Sneed appeals the denial of her motion to reduce bail, raising a single issue which we restate as whether the trial court abused its discretion by imposing excessive bail and denying Sneed's motion to reduce bail. Concluding Sneed's bail is not excessive, but the trial court abused its discretion by requiring cash only bail and denying Sneed's request for the option of a surety bond, we affirm in part, reverse in part, and remand.

Facts and Procedural History
On September 22, 2010, the State charged Sneed in two separate causes. The information in cause 398 alleged Sneed delivered methamphetamine at her residence which was within 1,000 feet of a school, a Class A felony. The information in cause 399 alleged Sneed arranged the delivery of methamphetamine within 1,000 feet of a public park, a Class A felony.
On September 27, 2010, the trial court held an initial hearing at which it advised Sneed of the charges against her, appointed defense counsel, and set bail at $12,500, cash only, in each cause. Sneed stated her date of birth, indicating she was forty-three years old, and stated she had no income aside from child support and no assets.
Sneed filed a motion to reduce bail, in which she stated she "is without funds with which to purchase a bond for her release and the amount of the bond now set is excessive and has the effect of punishing [Sneed] in advance of trial." Appellant's Appendix at 18. The trial court held a hearing on Sneed's motion. Sneed testified she has lived in Decatur County for the past three years and before that lived in Wayne County, Indiana for eighteen years. Her three teenage daughters live with her, and all her remaining family and close relatives reside in Indiana. Sneed testified she was not employed at the time of her arrest because she was physically disabled, had applied for Social Security disability benefits, and her claim was pending a scheduled hearing. Sneed has two prior misdemeanor convictionsoperating while intoxicated in 1994 and neglect of a dependent in 2005, the latter for driving under the influence of prescription medication while her daughter was in the car. She testified that in both cases she successfully completed probation and never failed to attend a court hearing. Sneed further testified she has never been charged with a violent crime or with using a false identity and has never owned a handgun. She requested that the trial court reduce her bail to a ten percent cash bond or allow a surety bond to be posted. The State did not present any evidence in opposition but asked the trial court to consider the gravity of the charges and the potential penalties.
At the conclusion of the hearing, and without articulating its reasoning, the trial court issued its verbal ruling denying Sneed's motion to reduce bail. Sneed now appeals.[1]

*1257 Discussion and Decision

I. Standard of Review
"The amount of bail is within the sound discretion of the trial court and will be reversed only for an abuse of discretion." Perry v. State, 541 N.E.2d 913, 919 (Ind.1989). We therefore review for an abuse of discretion the trial court's denial of a defendant's motion to reduce bail. Wertz v. State, 771 N.E.2d 677, 680 (Ind. Ct.App.2002). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Myers v. State, 718 N.E.2d 783, 789 (Ind.Ct.App. 1999).

II. Denial of Bail Reduction
Sneed argues the trial court abused its discretion when it set bail at $25,000 and denied her motion to reduce bail. The Indiana Constitution prohibits excessive bail. Ind. Const. art. 1, § 16. Our supreme court has stated that bail is excessive if set at an amount higher than reasonably calculated to ensure the accused party's presence in court. Hobbs v. Lindsey, 240 Ind. 74, 79, 162 N.E.2d 85, 88 (1959); cf. Ind.Code § 35-33-8-4(b) ("Bail may not be set higher than that amount reasonably required to assure the defendant's appearance in court or to assure the physical safety of another person or the community if the court finds by clear and convincing evidence that the defendant poses a risk to the physical safety of another person or the community."). In setting an amount of bail, the trial court is required to
take into account all facts relevant to the risk of nonappearance, including:
(1) the length and character of the defendant's residence in the community;
(2) the defendant's employment status and history and his ability to give bail;
(3) the defendant's family ties and relationships;
(4) the defendant's character, reputation, habits, and mental condition;
(5) the defendant's criminal or juvenile record, insofar as it demonstrates instability and a disdain for the court's authority to bring him to trial;
(6) the defendant's previous record in not responding to court appearances when required or with respect to flight to avoid criminal prosecution;
(7) the nature and gravity of the offense and the potential penalty faced, insofar as these factors are relevant to the risk of nonappearance;
(8) the source of funds or property to be used to post bail or to pay a premium, insofar as it affects the risk of nonappearance; and
(9) any other factors, including any evidence of instability and a disdain for authority, which might indicate that the defendant might not recognize and adhere to the authority of the court to bring him to trial.
Ind.Code § 35-33-8-4(b).
Initially we address the distinction drawn by the State between a defendant's challenge to the trial court's initial setting of bail and a challenge to the trial court's denial of a motion to reduce bail. Motions to reduce bail are provided for by Indiana Code section 35-33-8-5(c), which states: "When the defendant presents additional evidence of substantial mitigating factors, based on the factors set forth in [Indiana Code section 35-33-8-4(b)], which reasonably suggests that the defendant recognizes the court's authority to bring the defendant to trial, the court may reduce bail." As the State points out, the statute *1258 implicitly places the burden on the defendant to establish that the trial court's setting of bail was excessive. However, the statute does not by its terms require a showing of changed circumstances in order for the trial court to reduce bail; rather, it refers to the same statutory factors relevant to the initial setting of bail. While there is a conceptual and legal distinction between review of the trial court's decision in initially setting bail and review of its discretion in declining to reduce bail, the two inquiries substantively overlap.
Applying the statutory factors, we acknowledge that several arguably favor Sneed's request to reduce her bail. As for her residence in the community, she has lived in Decatur County for three years and in Indiana for the past twenty-one. As for family ties and relationships, she lives with her three daughters and all her other family members reside in Indiana. These factors suggest she has ties to Decatur County and to Indiana sufficient to reduce her risk of flight to avoid trial. Additionally, while Sneed has a criminal record, the nature of her prior offenses does not indicate instability or disdain for legal authority. She attended all court hearings and successfully completed probation in both cases, demonstrating her willingness to adhere to the authority of the court. While her unemployment somewhat weighs against her ties to the community, she explained it is due to her physical disability for which she has yet to receive Social Security benefits, and her resulting financial position tends to lessen the need for a high cash bail. In short, factors 1, 2, 3, 5, and 6 either favor Sneed's request to reduce bail or at worst leave a neutral impression.
However, factor 7 directs us to consider the gravity of the charges and the potential penalties Sneed faces. Prior to the enactment of Indiana Code section 35-33-8-4, our supreme court stated, "[a]part from the fact of the accused's financial position, the primary fact to be considered in determining an amount [of bail] which would assure the accused's presence in court is the possible penalty which might be imposed by reason of the offense charged." Hobbs, 240 Ind. at 79, 162 N.E.2d at 88 (emphasis added).
Sneed is charged with two Class A felonies, and her total bail of $25,000 is low in comparison with cases where defendants facing similarly severe charges have challenged their bail as excessive. See Samm v. State, 893 N.E.2d 761, 768 (Ind.Ct.App. 2008) (holding that if case were not moot, it would be remanded for reconsideration of $100,000 bond in prosecution for five counts of dealing cocaine, one as a Class A felony); Wertz, 771 N.E.2d at 680-82 (affirming bail of $1,000,000 for defendant charged with one count of Class A felony dealing in cocaine, when trial court found defendant posed a risk to safety of others and defendant had a history of failing to appear in court); Custard v. State, 629 N.E.2d 1289, 1292 (Ind.Ct.App.1994) (affirming bail of $275,000 for defendant charged with one count of Class A felony dealing in cocaine); cf. Mott v. State, 490 N.E.2d 1125, 1129 (Ind.Ct.App.1986) (affirming bail of $40,000 for defendant charged with Class A felony rape and Class B felony unlawful deviate conduct); Sherelis v. State, 452 N.E.2d 411, 414 (Ind. Ct.App.1983) (holding $1,000,000 bail was excessive; defendant was charged with five counts of delivery of a controlled substance, including four as Class A felonies, but had strong community ties and reputation and no criminal history). The fact Sneed, if convicted, faces a sentencing range of twenty to fifty years on each *1259 Class A felony count[2] tends to increase the risk she will fail to appear for trial and thereby cuts substantially against her argument that the trial court abused its discretion by not reducing the $25,000 bail. See Ind.Code § 35-33-8-4(b)(7).
Sneed argues the trial court abused its discretion by summarily denying her request to reduce bail without giving explicit consideration, on the record, to the relevant statutory factors and evidence presented thereon. Sneed relies on Samm, 893 N.E.2d 761, and as the State points out, Reeves v. State, 923 N.E.2d 418 (Ind. Ct.App.2010), also arguably supports Sneed's argument. However, both cases turn on facts that are distinguishable. In Samm the trial court stated, in response to the defendant's argument and evidence concerning several of the statutory factors, that it was relying primarily on the number of charges the defendant was facing to deny his motion to reduce bond. 893 N.E.2d at 767-68. We concluded that "by failing to acknowledge uncontroverted evidence on several of the factors listed in Indiana Code section 35-33-8-4, the trial court abused its discretion." Id. at 768. In Reeves, the trial court incorrectly stated that the defendant did not present evidence on the factors set forth in Indiana Code section 35-33-8-4, when in fact the defendant did present such evidence. 923 N.E.2d at 420-21. We observed that the trial court's failure to acknowledge the defendant's evidence, and its lack of an articulated rationale for setting bail at the apparently excessive amount of $1,500,000, were "especially burdensome to this court's ability to review the trial court's judgment," and we accordingly remanded for reconsideration of the bail amount based upon the statutory factors. Id. at 421-22.
Here, in contrast, the trial court made no statement on the record of its reasons for denying Sneed's request to reduce bail, and Sneed's bail of $25,000 was set considerably lower than in Samm ($100,000) or Reeves ($1,500,000). Given the presumption that the trial court knows and follows the applicable law, Donaldson v. State, 904 N.E.2d 294, 300 (Ind.Ct.App.2009), we hesitate to infer from a silent record that the trial court failed to consider the relevant evidence and statutory factors. Indiana Code sections 35-33-8-4 and 35-33-8-5 require the trial court to consider the relevant factors but do not by their terms require the trial court to explain its reasoning for setting or failing to reduce bail. Moreover, a statement of the trial court's reasons for not reducing bail has less importance in cases, such as here, where the bail initially set is not prima facie excessive. We find support for this proposition in Hobbs, where our supreme court stated that once the accused made a prima facie case that bail as fixed by the trial court was excessive,[3] the burden then shifted to the State to establish facts "show[ing] the necessity or justification for the unusual amount of bail required." 240 Ind. at 81, 162 N.E.2d at 89.
Sneed's $25,000 bail is not unusual or prima facie excessive, and the severity of the charges against her sufficiently counterbalances her ties in the community and history of appearing in court, such that the trial court did not abuse its discretion in failing to reduce the amount of her bail. We need not say whether the amount of Sneed's bail is completely appropriate, for the trial court abuses its discretion only if the amount is clearly excessive, and on this *1260 issue Sneed has shown no abuse of discretion. See Perry, 541 N.E.2d at 919 (holding trial court did not abuse its discretion in denying motion to reduce $62,000 bail when defendant was charged with three counts of Class B felony dealing in cocaine and alleged to be habitual offender, despite defendant's claim he had ties in the community and never had failed to appear in court).
In addition to a reduction in the amount of bail, Sneed also requested that the trial court allow her to post a surety bond rather than requiring her to deposit the entire amount in cash. By statute, a trial court has several options regarding the manner of executing bail; it may require the defendant to: execute a bail bond with sufficient solvent sureties; deposit cash or securities in an amount equal to the bail; deposit cash or securities in an amount not less than ten percent of the bail, as a court-sponsored bond; execute a bond secured by real estate in the county, with requirements for the tax value of the real estate; post a real estate bond; or perform any combination of the above requirements. Ind.Code § 35-33-8-3.2(a). This statute, like the statute governing the amount of bail, "also places the manner of executing the bail within the discretion of the trial judge." Mott, 490 N.E.2d at 1129 (interpreting similarly-worded predecessor statute, former Indiana Code section 35-33-8-3). In reviewing the trial court's exercise of discretion, we look to the same factors as are relevant to setting the amount of bail. Id.
The record shows Sneed was without the funds to post the entire $25,000 in cash. Thus it is only proper to consider the type of bail set by the trial court. In effect, by denying Sneed the option of a surety bond provided by a bail bondsman,[4] the trial court condemned her to jail pending trial without explicitly ordering her to be held or articulating any reason for doing so. While the severity of the charges supported a bond set at $25,000, the absence of any other factors suggesting Sneed was a flight risk leads us to conclude the trial court should have granted Sneed's request for the option of a surety bond. Cf. Mott, 490 N.E.2d at 1129 (concluding based on statutory factors that trial court did not abuse its discretion by requiring a surety bond rather than ten percent cash bond).
We recognize and reaffirm that "the inability to procure the amount necessary to make bond does not in and of itself render the amount unreasonable." Id. at 1128. Nonetheless, we conclude under the facts and circumstances of this case that the trial court abused its discretion by requiring cash only bail and denying Sneed's request for the option of a surety bond. While we affirm the trial court's decision not to reduce the amount of Sneed's bond, we remand with instructions that the trial court give Sneed the option of a surety bond.

Conclusion
Sneed's $25,000 bail is not excessive, but the trial court abused its discretion by requiring cash only bail and denying Sneed's request for the option of a surety bond. We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.
*1261 Affirmed in part, reversed in part, and remanded.
RILEY, J., and BROWN, J., concur.
NOTES
[1] Our supreme court has stated that the denial of a motion to reduce bail is a final judgment appealable as of right. State ex rel. Peak v. Marion Criminal Court, Div. One, 246 Ind. 118, 121, 203 N.E.2d 301, 302 (1965).
[2] See Ind.Code § 35-50-2-4.
[3] In Hobbs the trial court set bail at $171,400 for twenty-one separate indictments for embezzlement.
[4] A bail bondsman will, in return for a non-refundable fee paid by the defendant, put up his own money with the trial court in the form of a surety, pledging to cover the defendant's bail. Because the bondsman is risking the entire amount if the defendant fails to appear for trial, the bondsman has a powerful incentive to return the defendant to court to face charges. On the other hand, when the defendant is able to deposit the entire amount of the cash bail without the help of a bondsman, it is not very likely anyone will pursue the defendant if he or she decides to skip town prior to trial.