# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**CHRISTOPHER A. RAMSEY**
Ramsey Law Office
Vincennes, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Sep 04 2012, 9:47 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TOMMI EMERSON WINN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No.  42A04-1201-CR-49 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE KNOX SUPERIOR COURT
The Honorable W. Timothy Crowley, Judge
Cause No.  42D01-1109-FB-77

**September 4, 2012**

**OPINION – FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF CASE

Tommi Emerson Winn appeals the trial court's denial of his motion for bail bond reduction.

We reverse and remand.

## ISSUE

Whether the trial court abused its discretion in denying Winn's motion for bond reduction.

## FACTS

On September 6, 2011, a Knox County resident called the police department after three young men approached her residence, asked for a person who did not live there, and then drove down the road and stopped in a neighbor's driveway. Knox County Sheriff's Department Detective Michael Fisher arrived on the scene shortly after another officer stopped the men's vehicle. After advising the men of their rights, Detective Fisher identified the men as Winn, Michael Ridge, and Jordan Downey.

Detective Fisher then observed a large amount of jewelry in plain view in the back seat of the men's vehicle. Later, Detective Fisher conducted a taped interview with Ridge, who confessed that earlier in the day the group stole the jewelry from a local home and that they had committed numerous other robberies. Downey also provided a statement admitting to the burglaries.

2

After completing the burglaries, the group transported the stolen items to a local pawn shop. The men sold what jewelry they could and then took the rest out into the country and threw it out of the window as they were driving. The group also took multiple trips to Wal-Mart to convert stolen change into bills, a practice that was verified by the store's surveillance cameras. Detective Fisher recovered a guitar stolen by the group.

The State charged Winn with thirteen counts of burglary for his role in the home invasions. On September 14, 2011, the trial court set Winn's bail at $25,000 cash. Winn then filed his "Motion for Bond Reduction, requesting that the "bond be modified such that he can post ten percent of twenty-five thousand dollars ($25,000) to secure release from jail." (App. 19). In his motion, Winn stated that he had (1) lived in Knox County most of his life; (2) not been arrested for or convicted of a felony; (3) possessed strong ties to the community; and (4) not had a failure to appear in a court appearance.

At a hearing on the motion, the then twenty-two-year-old Winn presented evidence that he had lived in the community for approximately sixteen years. He and his father had lived at the same address for ten years. His sole encounter with the justice system was a ticket for underage consumption of alcohol, a class C misdemeanor that occurred in 2007. Winn pled guilty to the misdemeanor and served twelve months of supervised probation. During the probationary period, Winn completed a drug and alcohol program. Winn did not fail to appear at a hearing that required his attendance.

3

Winn presented additional evidence that he graduated from Vincennes Lincoln High School and has ties to the Vincennes community. His grandmother, uncle, and father live in Vincennes. Martha Beliles, a retired woman living in Winn's neighborhood, testified that she considers Winn a grandson due to their close relationship. She also testified that Winn would perform tasks around her house and yard that she could not accomplish.

After the hearing, the trial court denied the motion on the basis that there were thirteen separate victims. The trial court reasoned:

> Okay. I get it. I understand. Well, I appreciate that young Mr. Winn here doesn't have a lengthy criminal history. But, the reason I set bond at the amount I did was at his initial hearing, I looked at the . . . the fact there were 13 separate counts against him and 13 separate sets of victims, and decided at the time that I think that . . . at that time $25,000.00 was the appropriate . . . cash only was the appropriate bond. And while I appreciate the testimony of the witnesses here, Miss Beliles and his father, I think that is still the appropriate bond. So, the Court having considered the matter, now denies the request for bond reduction. Mr. Winn's bond will remain $25,000.00 cash only. We're done, thank you.

(Tr. at 38). Winn now appeals.[1]

---

[1] Both our supreme court and this court have held that the denial of a motion to reduce bail is a final judgment appealable as of right. *State ex rel. Peak v. Marion Criminal Court Div. One*, 246 Ind. 118, 121, 203 N.E.2d 301, 302 (1965); *Sneed v. State*, 946 N.E.2d 1255, 1256 (Ind. Ct. App. 2011). Here, the motion to reduce bond is a request to modify the manner in which the bail bond shall be paid, and as such, the motion is based "upon the same factors as are relevant to the setting of the amount of bail." *See Sneed*, 946 N.E.2d at 1260. Both motions are premised upon the defendant's inability to pay the bond imposed. Although the State argues otherwise, we hold that the denial of Winn's motion is a final judgment appealable as of right.

DECISION

In general, the setting of the amount of bail is within the discretion of the trial court and will be reversed only for an abuse of discretion. *Sneed*, 946 N.E.2d at 1257 (citing *Perry v. State*, 541 N.E.2d 913, 919 (Ind. 1989)). We therefore review the trial court's denial of a defendant's motion to reduce bail for an abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

In setting the amount of bail, the trial court is required to take into account all facts relevant to the risk of nonappearance, including:

(1) the length and character of the defendant's residence in the community;

(2) the defendant's employment status and history and his ability to give bail;

(3) the defendant's family ties and relationships;

(4) the defendant's character, reputation, habits, and mental condition;

(5) the defendant's criminal or juvenile record, insofar as it demonstrates instability and a disdain for the court's authority to bring him to trial;

(6) the defendant's previous record in not responding to court appearances when required or with respect to flight to avoid criminal prosecution;

(7) the nature and gravity of the offense and the potential penalty faced, insofar as these factors are relevant to the risk of nonappearance;

(8) the source of funds or property to be used to post bail or to pay a premium, insofar as it affects the risk of nonappearance;

(9) that the defendant is a foreign national who is unlawfully present in the United States under federal immigration law; and

(10) any other factors, including any evidence of instability and a disdain for authority, which might indicate that the defendant might not recognize and adhere to the authority of the court to bring him to trial.

Ind. Code § 35-33-8-4(b).

By statute, a trial court has several options regarding the manner of executing bail, including the option to "execute a bail bond by depositing cash or securities with the clerk of the court in an amount not less than ten percent (10%) of the bail." Ind. Code § 35-33-8-3.2(a). This statute, like the statute governing the amount of bail, "also places the manner of executing the bail within the discretion of the trial judge." *Sneed*, 946 N.E.2d at 1260. As we noted above, in reviewing the trial court's exercise of discretion, we look to the same factors as are relevant to setting the amount of bail. *See id.*

Applying the statutory factors of Indiana Code section 35-33-8-4(b), we note that subsections 1, 2, 3, 4, 5, 6, 8, 9, and 10 weigh in favor of reduction or modification of bail in this case. Subsection 7, however, arguably weighs against such a reduction. *See Sneed*, 946 N.E.2d at 1258-59 (the fact that a defendant, if convicted, may face a lengthy sentence "tends to increase the risk [he] will fail to appear for trial and thereby cuts substantially against [his] argument that the trial court abused its discretion by not reducing the $25,000 bail"). As we held in *Sneed*, subsection 7 alone is sufficient to warrant a refusal to reduce the amount of bail.

However, the record shows that Winn was without the funds to post the entire $25,000 in cash. "Thus, it is only proper to consider the type of bail set by the trial court." *Id*. at 1260. In effect, by denying Winn the option of depositing cash or securities in an amount not less than ten percent of the bail, "the trial court condemned [him] to jail pending trial without explicitly ordering [him] to be held or articulating any reason for doing so."[2] *See id*. While the severity of the thirteen charges arguably supports the setting of bail in the amount of $25,000, "the absence of any other factors suggesting [Winn] was a flight risk leads us to conclude the trial court should have granted" Winn's request to deposit an amount not less than 10 percent of bail under Indiana Code section 35-33-8-3.2(a). *See id*.

We reverse and remand with instructions that the trial court grant Winn's motion.

FRIEDLADNER, J., concurs.

BROWN, J., concurs in part with separate opinion.

---

[2] We note that the trial court's statement in the present case uses the words "cash only" but does not give the trial court's reasoning for this limitation.

7

# IN THE
# COURT OF APPEALS OF INDIANA

TOMMI EMERSON WINN,    )
             )
   Appellant,     )
             )
     vs.      )   No. 42A04-1201-CR-49
             )
STATE OF INDIANA,     )
             )
   Appellee.     )

**Brown, Judge, concurring in part.**

I concur in part with the majority and write separately to state that IC 35-33-8-3.2 cited in the opinion allows the trial court options in addition to granting Winn's request to deposit an amount with the clerk of not less than 10 percent of the amount of bail. Specifically, IC 35-33-8-3.2(a)(1)(A) provides for execution of a bail bond with sufficient solvent sureties. Other parts of subsection (a)(1) allow for execution of a bond secured by real estate in the county, posting a real estate bond, or performing any combination of the four requirements described in that subsection. On remand I would

8

not require that the trial court grant Winn's motion but would allow the court the discretion afforded by IC 35-33-8-3.2.