## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 13 2016, 6:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Molly Turner King
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Chad J. Ley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 13, 2016

Court of Appeals Case No.
53A01-1602-CR-251

Appeal from the Monroe Circuit Court

The Honorable Teresa D. Harper, Judge

Trial Court Cause No.
53C09-1509-CM-2341

**Baker, Judge.**

Chad Ley appeals the trial court's order modifying his bail. Finding no error, we affirm.

## Facts

On September 3, 2015, the State charged Ley with class A misdemeanor theft in Cause Number 53C09-1509-CM-2341 (Cause 2341). A warrant was issued for Ley's arrest that initially set Ley's bond at $1,000 surety and $500 cash.

On October 25, 2015, Ley knocked on someone's apartment door in Bloomington and claimed to be a federal agent with the Drug Enforcement Agency (DEA). Ley is not a DEA agent. He demanded entry into the apartment because he wanted to talk with Indiana State Police officers Ley believed were inside. The occupant of the apartment was frightened and called the police to report the encounter. Ley was gone by the time police arrived.

Local police were familiar with Ley because he had made similar claims of being a DEA agent to a young woman in the past. On October 27, 2015, police officers went to Ley's apartment to question him about the October 25 incident. He denied any involvement with that incident. The officers told him to stop saying he was a DEA agent and walked outside of the apartment building. After exiting the building, the officers noticed the active arrest warrant for Ley that had been issued on September 3. They returned to his apartment and, when they attempted to arrest him, he allegedly resisted the arrest. Ultimately, the officers arrested Ley on the attempted theft warrant in Cause 2341. The State also charged him, under Cause Number 53C09-1510-F6-1003 (Cause

1003), for Level 6 felony impersonation of a public servant and class A misdemeanor resisting law enforcement. His bail on Cause 1003 was set at $5,000 surety and $500 cash.

[5]     On November 4, 2015, the trial court held a bail review hearing in both causes. Ley identified himself as a DEA agent to the trial court throughout the hearing and told the trial court that he had money in the bank but refused to state whether he could pay bond. The trial court did not modify Ley's bail during that hearing but ordered that Ley be evaluated by a psychologist. The trial court placed a hold on Ley in Cause 2341, and Ley later filed a motion to reduce his bail and remove the hold.

[6]     On February 2, 2016, the trial court held a hearing on Ley's motion, during which Ley indicated that he was not challenging the bail in Cause 1003. At the hearing, it was revealed that Ley had three prior convictions for resisting law enforcement and one conviction for carrying a handgun without a license. In both cases, Ley was given mental health deferments, but failed to appear for hearings following the deferments. The trial court found that Ley was a potential danger to the community, given his prior criminal history and possible mental instability, as well as the circumstances of the current charge of impersonating a public servant. It also found that Ley had a history of failing to attend hearings. As a result of these findings, the trial court increased Ley's bond in Cause 2341 to be $50,000 surety and $1,000 cash. The trial court noted that it would consider modifying Ley's bond if he cooperated with the competency examination, which was underway. Ley now appeals.

# Discussion and Decision

[7] Ley argues that the trial court erred by modifying his bond in Cause 2341. The trial court has broad leeway in determining whether to modify a defendant's bond. *Wertz v. State*, 771 N.E.2d 677, 680 (Ind. Ct. App. 2002). We will reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Sneed v. State*, 946 N.E.2d 1255, 1257 (Ind. Ct. App. 2011). We need not determine whether the amount of the defendant's bail is completely appropriate, as the trial court errs only if the amount is "clearly excessive." *Id.* at 1259.

[8] Bail is excessive only if set at an amount higher than an "amount reasonably required to assure the defendant's appearance in court or to assure the physical safety of another person or the community if the court finds by clear and convincing evidence that the defendant poses a risk to the physical safety of another person or the community." Ind. Code § 35-33-8-4(b). Once bail has been set, it may be modified upon a showing of good cause by either party. I.C. § 35-33-8-5. When deciding whether to modify bail, the trial court may consider multiple factors, including, among other things, the defendant's mental condition, criminal history, and history of failing to appear at court proceedings, as well as any evidence of instability or disdain for authority that might indicate that the defendant might not recognize and adhere to the authority of court to bring him to trial. I.C. § 35-33-8-4(b).

[9]　In this case, the record reveals that Ley may not have had stable housing, as he indicated to the trial court that, upon his release, he might have to stay in a hotel and visit the county trustee regarding his residence. Moreover, the record reveals significant questions regarding Ley's mental condition. He repeatedly represented himself as a DEA agent to the police, jail staff, and the trial court. On multiple occasions, Ley has represented himself as a DEA agent to young women and, in the instant case, used that falsehood in an attempt to gain entry to an apartment of an unknown person, frightening her. Ley also has a violent criminal history, including three convictions for resisting law enforcement and one for carrying a handgun without a license. In the past, he has repeatedly failed to appear for court proceedings.

[10]　Ley directs our attention to a number of cases in support of his argument that the trial court erred, but we find them easily distinguishable. In *Cole v. State*, this Court found that it was error to modify the defendant's bail where, among other things, the defendant was employed and could pay a lower bond. 997 N.E.2d 1143, 1145 (Ind. Ct. App. 2013). In this case, in contrast, there is no evidence in the record that Ley was employed[1] or able to pay a lower bond[2]. In

---

[1] As to his employment history, Ley testified that "I do drug enforcement and when drug dealers out of hand [sic] and they've caused people to be sick or caused trouble then I have to find out what they've done and that's what I do here. You know, I've worked here for quite a while now so I feel like it's time for me to move on and go home for a while. And next time I'm needed I will work again." Tr. p. 4.

[2] Ley refused to tell the trial court how much money he has in the bank, saying that he would not bond himself out of jail because "it's not necessary. I actually work here in and out of jail, in and out of this place." Tr. p. 5. But he then asked "to be released to go home," asking the trial court if it was "holding me ransom" and saying that he had never had to post bail "the entire time I've worked here." *Id.* at 5-6.

*Sherelis v. State*, this Court found that it was error to modify the defendant's bail where, among other things, he had strong family and community contacts and was substantially invested in a local business. 452 N.E.2d 411, 412-14 (Ind. Ct. App. 1983). In the case before us, however, it appears that Ley was on the verge of homelessness, his nearest family was in another county, and he had no mode of transportation or local support. Additionally, unlike Ley, Sherelis had no criminal history or mental instability.

[11] In *Lopez v. State*, this Court found that it was error to modify the defendant's bail where, among other things, the defendant had no criminal history, had a long and stable employment history, had immediate family in the same area, and already had over $3 million in assets seized as part of his arrest. 985 N.E.2d 358, 361-62 (Ind. Ct. App. 2013). In the case before us, on the other hand, Ley has a criminal history, no immediate family in the area, and presented no evidence regarding his employment history. Finally, in *Sneed v. State*, we found that the trial court had erred where it made no statement on the record regarding the reasons for denying the defendant's request to modify his bail and the record reflected that Sneed was unable to pay the cash-only bond that had been set. 946 N.E.2d at 1260. In this case, the trial court made a detailed statement regarding its reasons for increasing Ley's bail and, as noted

above, there is no evidence regarding Ley's ability to pay the bail other than his refusal to answer the trial court's questions on the subject.[3]

[12] Based on all of this evidence, the trial court found that the State had showed good cause to modify Ley's bail because Ley represented a risk to the community and might fail to appear at future court proceedings. We cannot say that the trial court erred by increasing Ley's bail under these circumstances or that the amount set by the trial court is excessive.

[13] The judgment of the trial court is affirmed.

Vaidik, C.J., and Riley, J., concur.

---

[3] Ley also argues that the trial court erred because the amount of bail exceeds the bail schedule established by Monroe County. But bail schedules are only a starting point for tailoring the bail bond to the individual in each circumstance, and an amount set outside a bail schedule is not presumptively unreasonable. *Samm v. State*, 893 N.E.2d 761, 765-66 (Ind. Ct. App. 2008). Therefore, this argument is unavailing.