## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

FILED

Dec 29 2017, 11:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Ross G. Thomas
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gregory A. Traylor,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 29, 2017

Court of Appeals Cause No. 03A01-1709-CR-2017

Appeal from the Bartholomew Circuit Court

The Honorable Kelly Benjamin, Judge

Trial Court Cause No. 03C01-1708-F2-4359

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Gregory Traylor (Traylor), appeals the trial court's Order denying his motion for reduction of bail.

We reverse and remand with instructions.

# ISSUE

Traylor raises one issue on appeal, which we restate as: Whether the trial court abused its discretion by denying his motion to reduce his bail of $5,000,000.

# FACTS AND PROCEDURAL HISTORY

On August 3, 2017, an investigator with the Indiana State Police obtained and executed a search warrant for Traylor's home located at 7650 West State Road 46, in Bartholomew County, Indiana. During the search, one ounce of methamphetamine, fifteen pounds of marijuana, and four grams of heroin were recovered. Because there were copious amounts of pseudoephedrine in Traylor's home, the methamphetamine suppression unit was summoned for assistance. The methamphetamine unit seized several items linked to the manufacturing of methamphetamine, including organic solvents, drain cleaners, and containers. The Indiana State Police also recovered at least seventy firearms. Lastly, agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) located numerous improvised explosive devices on Traylor's property.

[5] On August 9, 2017, the State filed an Information, charging Traylor with Count I, manufacturing of methamphetamine, a Level 2 felony; Count II, dealing in methamphetamine, a Level 2 felony; Count III, possession of a narcotic, a Level 5 felony; Count IV, possession of a destructive device, a Level 5 felony; and Count V, dealing in marijuana, a Level 5 felony. A bench warrant for Traylor's arrest was issued on the same day, and the trial court set Traylor's bond at "$5,000,000 or 10% CASH." (Appellant's App. Vol. II, p. 12). Pursuant to Traylor's request, on August 31, 2017, the trial court conducted a bond review hearing to reduce his bond. At the close of the hearing, the trial court denied Traylor's request.

[6] Traylor now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[7] Traylor appeals the trial court's denial of his motion to reduce bail, contending that the $5,000,000 bail was excessive and beyond the amount necessary to protect the community and to ensure his appearance at future proceedings. The amount of bail is within the discretion of the trial court and will be reversed on appeal only for an abuse of that discretion. *Lopez v. State,* 985 N.E.2d 358, 360 (Ind. Ct. App. 2013). "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it." *Sneed v. State*, 946 N.E.2d 1255, 1257 (Ind. Ct. App. 2011). We will not reweigh the evidence, and we consider any conflicting evidence in favor of the trial court's ruling. *Collins v. State*, 822 N.E.2d 214, 218 (Ind. Ct. App.

2005), *trans. denied*. "The amount [of bail] is to be determined by consideration of the circumstances of each case and is to be set only in an amount necessary to assure the presence of the accused at an appropriate time and his submission to the authority of that court." *Mott v. State*, 490 N.E.2d 1125, 1127 (Ind. Ct. App. 1986).

[8] The Indiana Constitution prohibits excessive bail. *See* Ind. Const. art. 1, § 16. Bail is "a traditional and cherished right," the goal of which is not to punish in advance of conviction but to assure the defendant's appearance in court. *Fry v. State*, 990 N.E.2d 429, 434 (Ind. 2013).

> The right to freedom by bail pending trial is an adjunct to that revered Anglo-Saxon aphorism which holds an accused to be innocent until his guilt is proven beyond a reasonable doubt. Unless that right is preserved, the presumption of innocence, secured only after centuries of struggle, will lose its meaning.

*Id.* (citations omitted).

[9] In setting a reasonable amount of bail, Indiana Code Section 35-33-8-4(b) specifically requires the court to take into account all facts relevant to the risk of nonappearance, including

> (1) the length and character of the defendant's residence in the community;
>
> (2) the defendant's employment status and history and his ability to give bail;
>
> (3) the defendant's family ties and relationships;

(4) the defendant's character, reputation, habits, and mental condition;

(5) the defendant's criminal or juvenile record, insofar as it demonstrates instability and a disdain for the court's authority to bring him to trial;

(6) the defendant's previous record in not responding to court appearances when required or with respect to flight to avoid criminal prosecution;

(7) the nature and gravity of the offense and the potential penalty faced, insofar as these factors are relevant to the risk of nonappearance;

(8) the source of funds or property to be used to post bail or to pay a premium, insofar as it affects the risk of nonappearance;

(9) that the defendant is a foreign national who is unlawfully present in the United States under federal immigration law; and

(10) any other factors, including any evidence of instability and a disdain for authority, which might indicate that the defendant might not recognize and adhere to the authority of the court to bring him to trial.

[10] Motions to reduce bail are provided for by Indiana Code Section 35-33-8-5(c), which states: "[w]hen the defendant presents additional evidence of substantial mitigating factors, based on the factors set forth in [Indiana Code section 35-33-8-4(b)], which reasonably suggests that the defendant recognizes the court's authority to bring the defendant to trial, the court may reduce bail." Even though the statute governing motions to reduce bail implicitly places the burden on the defendant to establish that the trial court's setting of bail was excessive,

the statute does not by its terms require a showing of changed circumstances in order for the trial court to reduce bail. Rather, I.C. § 35-33-8-5(c) refers to the same statutory factors relevant to the initial setting of bail. *See Sneed*, 946 N.E.2d at 1258-59. "While there is a conceptual and legal distinction between the review of the trial court's decision in initially setting bail and review of its discretion in declining to reduce bail, the two inquiries substantially overlap." *Id.* at 1258.

[11] Here, in considering Traylor's motion to reduce bail, the trial court conducted a hearing and received evidence, considering the statutory factors listed in Indiana Code Section 35-33-8-4(b). Applying the statutory factors, we recognize that most of the factors favor a bond reduction. At the hearing, Traylor presented uncontroverted evidence of his close ties to the community. He was born in Jasper, Indiana and has lived in Bartholomew County since he was fifteen years old. Traylor's mother, his two siblings, and Traylor's three adult children reside in the County. He testified that he maintains close family contact and two of his children were present in his support at the bail reduction hearing. Traylor advised the court that he owned a home in Columbus, Indiana, where he would reside pending trial. He did not object to being placed on pre-trial home detention as a condition of bail.

[12] In addition, Traylor informed the court that he had worked as a city employee for the City of Columbus for approximately twenty years, until 1997. Since 1997, he has cashed in his retirement and worked in construction, doing remodeling work as a contractor. As to Traylor's criminal history, evidence

indicates that he pleaded guilty to a misdemeanor conviction for operating while intoxicated in 1987, for which he successfully completed probation. He never missed a court hearing, nor is there any evidence suggesting a disdain for the court's authority to bring him to trial. In short, factors 1, 2, 3, 5, 6, 8, 9, and 10 favor Traylor's request to reduce bail.

[13] However, factor 7 directs us to consider the gravity of the charges and the potential penalties Traylor faces. At his bond review hearing, the trial court noted that if Traylor was convicted for his offenses, he potentially faced thirty-year sentences for each of his two Level 2 felonies, and six years for each of his three Level 5 felony offenses. The trial court also noted the seriousness of Traylor's offenses and stated:

> You look at the probable cause affidavit as well as State's Exhibit Number 2, which was admitted here today in regard to the types and quantities of alleged controlled substances and alleged [drug] processes that were going on in the home where Mr. Traylor allegedly lived. But the [c]ourt cannot ignore that either and the [c]ourt does find that it is significant in regard to posting bond or setting bond in this matter as to the safety of other persons and the community. I'm not going to ignore the heightened depths in the past year that we have experienced in this community. The heightened community crisis that we are in surrounding drugs. It is serious, it is real and it is here.

(Tr. Vol. II, p. 34).[1]

[14] Nevertheless, Traylor's bail of $5,000,000 is high in comparison to cases where defendants facing similarly severe charges have challenged their bail as excessive. *See, e.g., Wertz v. State*, 771 N.E.2d at 680-82 (affirming bail of $1,000,000 for defendant charged with one Count of Class A felony dealing in cocaine, when trial court found defendant posed a risk to safety of others and defendant had a history of failing to appear in court); *Custard v. State*, 629 N.E.2d 1289, 1292 (Ind. Ct. App. 1994) (affirming bail of $275,000 for defendant charged with one Count of Class A felony dealing in cocaine); *Sherelis v. State*, 452 N.E.2d 411, 414 (Ind. Ct. App. 1983) (holding $1,000,000 bail was excessive; defendant was charged with five Counts of delivery of a controlled substance, including four as Class A felonies, but had strong community ties and reputation and no criminal history).

[15] Mindful of the statutory factors and the record, it becomes apparent that the bail amount set by the trial court is unreasonably high. Traylor is a long-established resident of Bartholomew County, with strong family and community contacts. He has real estate investments in the State and is without

---

[1] No evidence was presented on factor 4, *i.e.,* evidence of Traylor's character, reputation, habits, and mental conditions. *See* I.C. § 35-33-8-4(b).

a relevant criminal record. While we acknowledge the seriousness of the charges brought against Traylor, the trial court's statement alluding to the present heightened community crisis due to the presence of drugs leads us to believe that the bail amount was set as a punishment rather than to secure Traylor's appearance in court. *See Fry*, 990 N.E.2d at 434. As "bail should be tailored to the individual in each circumstance," we conclude Traylor's bail of $5,000,000 to be excessive, we reverse the trial court's decision and remand to the court with instructions to set a reasonable bond. *See Samm v. State*, 893 N.E.2d 761, 766 (Ind. Ct. App. 2008).

## CONCLUSION

[16] Based on the foregoing, we hold that the trial court abused its discretion in denying Traylor's motion to reduce his bond amount of $5,000,000 and remand with instructions for the trial court to set a reasonable bond amount based on the relevant statutory factors.

[17] Reversed and remanded with instructions.

[18] Baker, J. and Brown, J. concur