## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 18 2019, 10:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ross G. Thomas
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Isaac L. Hayes, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 18, 2019 <br><br> Court of Appeals Case No. 19A-CR-1402 <br><br> Appeal from the Jefferson Circuit Court <br><br> The Honorable D.J. Mote, Judge <br><br> Trial Court Cause No. 39C01-1904-F4-407 |

**Altice, Judge.**

## Case Summary

[1] Isaac L. Hayes appeals the trial court's denial of his request for a bond reduction, claiming that the initial bond set at $50,000 on five counts of felony sexual misconduct with a minor was excessive and that the trial court abused its discretion in denying his motion to reduce the bond.

We affirm.

## Facts & Procedural History

[2] The police narrative and probable cause affidavit indicate that twenty-one-year-old Hayes became acquainted with K.P., who was between the age of fourteen and sixteen years old, sometime during the fall of 2016.[1] K.P.'s parents knew that the two wanted to "date" and told them both to "stay apart" and not to communicate over the phone. *Appellant's Appendix* at 16. Hayes later admitted to police officers that in late 2016, he had sexual intercourse with K.P. Hayes also admitted that K.P. gave him one or two "hand jobs" and oral sex on at least three occasions from late 2016 to late 2017. *Id.* at 15-16. Police officers

---

[1] The police narrative indicates that Hayes was twenty-two years old at the time of the police interview on November 15, 2017.

obtained consent from K.P.'s parents to search her phone and they discovered that Hayes and K.P. had called each other thirty times in October 2017.

[3] Following a lengthy investigation, on April 5, 2019, the State charged Hayes with four counts of sexual misconduct with a minor as Level 4 felonies and one count of sexual misconduct with a minor as a Level 5 felony. The trial court issued a bench warrant on May 2, 2019, and set Hayes's bond at $50,000. Hayes acknowledged at his May 8 initial hearing that he owned no real estate, was unemployed, and that his father controls all of his income that he receives from social security. The trial court determined that the number and nature of the charges, along with concerns for K.P.'s safety, warranted a $50,000 bond.

[4] On May 20, 2019, Hayes filed a motion for bond reduction. At the hearing, Hayes's father testified that Hayes has lived with him for eleven years, had never previously been charged with any criminal offenses, and was receiving $750 per month in social security income. Hayes's father further testified that he was away from the residence nearly twelve hours a day, and that Hayes had a driver's license and a motorcycle license. The State objected to the bond reduction request, citing the nature of the charged offenses, Hayes's admissions, and the fact that Hayes was a licensed driver, in support of its argument that Hayes remained a danger to K.P. and should be considered a flight risk. The trial court denied Hayes's motion for bond reduction based on the nature of the charges and the strength of the State's case against him. Hayes now appeals.

*Discussion and Decision*

[5] Article 1, Section 13 of the Indiana Constitution prohibits excessive bail. "Bail is excessive if set at an amount higher than reasonably calculated to ensure the accused party's presence in court." *Lopez v. State*, 985 N.E.2d 358, 360 (Ind. Ct. App. 2013), *trans. denied.* The amount of bail and the denial of a request to reduce a defendant's bond is within the trial court's sound discretion and will be reversed only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Smith v. State*, 754 N.E.2d 502, 504 (Ind. 2001); *Sneed v. State*, 946 N.E.2d 1255, 1257 (Ind. Ct. App. 2011). We will not reweigh the evidence and will consider any conflicting evidence in favor of the trial court's ruling. *Collins v. State*, 822 N.E.2d 214, 218 (Ind. Ct. App. 2005), *trans. denied*.

[6] When the trial court exercises its discretion to reduce a defendant's bond, it "considers the same statutory factors relevant to the initial setting of bail provided in Indiana Code Section 35-33-8-4(b)."[2] *Lopez*, 985 N.E.2d at 361.

---

[2] I.C. § 35-33-8-4(b) provides as follows:

> Bail may not be set higher than that amount reasonably required to assure the defendant's appearance in court or to assure the physical safety of another person or the community if the court finds by clear and convincing evidence that the defendant poses a risk to the physical safety of another person or the community. In setting and accepting an amount

While the statute sets forth a number of factors for the trial court's consideration in setting and reducing a defendant's bond, our Supreme Court has recognized that, aside from the defendant's financial resources to meet bond, the magnitude of the possible penalty to be imposed for the charged offense is the main factor to be considered in setting a bond amount. *Hobbs v. Lindsey*, 240 Ind. 74, 79, 162 N.E.2d 85, 88 (1959); *see also Sneed*, 946 N.E.2d at 1258. Once bond is set, I.C. § 35-33-8-5(a) provides for the alteration or revocation of bond "upon a showing of good cause" by either the State or the defendant. This statute "implicitly places the burden on the defendant to establish that the trial court's setting of bail was excessive." *Id.* at 1257-58.

[7] Here, the trial court was fully aware of Hayes's charges and the potential penalties involved when it set the initial bond amount. Moreover, the gravity of the offenses charged and the potential penalties that Hayes faced is magnified

---

of bail, the judicial officer shall take into account all facts relevant to the risk of nonappearance, including:

(1) the length and character of the defendant's residence in the community;

(2) the defendant's employment status and history and his ability to give bail;

(3) the defendant's family ties and relationships;

(4) the defendant's character, reputation, habits, and mental condition;

. . .

(7) *the nature and gravity of the offense and the potential penalty faced, insofar as these factors are relevant to the risk of nonappearance . . . .*

(Emphasis added).

by the State's overwhelming evidence against him, including Hayes's own admissions that he engaged in many separate instances of sexual misconduct with K.P. over a one-year span. *See* I.C. § 35-33-8-4(b)(7). That said, the primary fact to be considered weighed substantially against Hayes at the time of the initial bond determination and his incentive to flee to avoid a lengthy sentence was high. *See Hobbs,* 240 Ind. at 79, 162 N.E.2d at 88.

[8] Additionally, Hayes stated at his initial hearing that he owned no real estate, was unemployed, and did not have a spouse or children. The lack of significant ties to the community further warranted the trial court's determination that bail in the amount of $50,000 was necessary to ensure Hayes's return to court if he posted bond. *See Shanholt v. State*, 448 N.E.2d 308, 314 (Ind. Ct. App. 1983) (observing that the trial court properly considered the defendant's lack of a "job in the community" in setting bail). When considering the nature of the charges against Hayes, the likelihood of conviction, the potential sentences, and the lack of community ties that would encourage Hayes to remain in the jurisdiction, the trial court did not abuse its discretion in setting Hayes's bond at $50,000.

[9] We further note that Hayes's father testified during the bond reduction hearing that he is employed and is away from the residence for twelve hours a day. Hayes has a driver's license and thus the ability to flee the jurisdiction in the face of these serious criminal charges. Moreover, it was not established that Hayes had ceased communicating with K.P., hence supporting the trial court's observation that K.P. remained in danger. These factors all support the trial court's decision to deny Hayes's request for a bond reduction.

[10]     Finally, although Hayes claims that the trial court abused its discretion because it did not specifically identify the factors set forth in I.C. § 35-38-8-4(b), there is no requirement that the trial court explain its reasons on the record for not reducing a defendant's bail.  *Sneed*, 946 N.E.2d at 1259.  Although the trial court must evaluate the relevant statutory factors, we will not infer from a silent record in this instance that the trial court did not consider and appropriately apply those factors.  *See id.*  Rather, we presume that the trial court knew and followed the law.  *Ramsey v. Ramsey,* 863 N.E.2d 1232, 1239 (Ind. Ct. App. 2007).

[11]     In short, the trial court was presented with both aggravating and mitigating evidence at the bond reduction hearing, and the record demonstrates that it properly considered and weighed those factors when considering Hayes's request.  Hence, we conclude that the trial court did not abuse its discretion in denying Hayes's motion for a bond reduction.

[12]     Judgment affirmed.

Brown, J. and Tavitas, J., concur.